William ELSTER, Plaintiff,

v.

Thomas W. ALEXANDER et al., Defendants.

No. C75–1069A.

United States District Court, N. D. Georgia, Atlanta Division.

May 11, 1977.

See also 74 F.R.D. 503.

Edward L. Savell, Savell, Williams, Cox & Angel, Atlanta, Ga., Ira Jay Sands and Sidney A. Florea, Demov, Morris, Levin & Shein, New York City, for plaintiff.

Ronald L. Reid and Sidney O. Smith, Jr., Alston, Miller & Gaines, Atlanta, Ga., for Price Waterhouse, Inc.

Allen W. Post and Gary W. Hatch, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for all other defendants.

## ORDER OF COURT

MOYE, District Judge.

This is a class action brought under the Securities and Exchange Act of 1934 for damages and other relief. The case is presently before the Court on defendants' motion to dismiss.

Plaintiff contends that defendants entered into a plan to defraud, and did in fact defraud, holders and purchasers of shares of Tri-South Mortgage Investors, defendant, by concealing from such holders and purchasers and from the investing public the true financial condition of Tri-South Mortgage Investors. Plaintiff alleges such fraud to be in violation of Sections 10(b), 14, 18 and 20 of the Securities and Exchange Act of 1934 (15 U.S.C. §§ 78j, 78n, 78r, and 78t); Rule 10b–5 (17 C.F.R. § 240.106–5); and Rule 14a–9 (17 C.F.R. § 240(a)–9).

Defendants contend that the Complaint falls short of the requirement of Fed.R. Civ.P. 9(b) that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," and, therefore, the Complaint should be dismissed.

Under Rule 9(b) all of the elements of fraud should appear in a well-pleaded averment of fraud and the circumstances constituting fraud must be specifically stated. See *Massey Ferguson, Inc. v. Bent Equipment Co.,* 283 F.2d 12 (5th Cir. 1960); *Rubens v. Ellis,* 202 F.2d 415 (5th Cir. 1953). This normally includes the time, place, and content of the false misrepresentations, the facts misrepresented, and the nature of the detrimental reliance, with some leniency allowed for complex issues or transactions covering a long period of time. Rule 9(b) applies with equal force to actions arising under the Federal Securities laws. *Walling v. Beverly Enterprises,* 476 F.2d 393 (9th Cir. 1973); *Segal v. Gordon,* 467 F.2d 602 (2d Cir. 1972).

In a securities action mere conclusory allegations of deception or fraud will not suffice. *Segal v. Gordon, supra,* at 606. A complaint alleging violations under section 10b–5 will not pass scrutiny if it does not allege with some factual specificity the financial statements and documents constituting the fraud. General claims of fraud or conspiracy, or characterizations of acts or conduct in those terms, are not enough no matter how frequently repeated. "A complaint alleging fraud should be filed only after a wrong is reasonably believed to have occurred; it should serve to seek redress for a wrong, not to find one." *Segal v. Gordon, supra,* at 608.

The Court recognizes that in actions where fraudulent concealment is charged the facts are difficult to discover. Generally, the defendant has a peculiar access to information that the plaintiff cannot acquire prior to filing a complaint. Such lack of access is often remedied during the discovery period.

The Court further recognizes that the instant action involves multiple defendants and transactions, and occurred over a long period of time. Nonetheless, the intent of Rule 9(b) is to eliminate the type of fraud action in which all the facts are learned after the complaint is filed through discovery. Although a complaint may allege fraud on information and belief, the allegations must then be accompanied by a statement of facts upon which the belief is founded. *Segal v. Gordon, supra,* at 608; 2A Moore's *Federal Practice,* ¶ 9.03, pp. 1928–29.

Rendering this balance of what needs to be pleaded under Rule 9(b) and what may be left to discovery, even more difficult is the requirement of Rule 8 that pleadings be "simple, concise and direct." Rule 9(b) is not intended to abrogate Rule 8, but rather, the two rules are to be reconciled and read together.

At the very minimum, Rule 9(b) requires that fraud be pleaded with sufficient particularity such that adverse party is able to frame concrete responses. Yet the Court must take care not to require voluminous and unwieldy complaints under Rule 9(b).

In the instant action, where a single plaintiff has alleged a variety of instances of concealment against multiple defendants, it appears to the Court that the subject Complaint does not meet the requirements of Rule 9(b). The introductory paragraph of the Complaint indicates that the Complaint is based upon information and belief. While this is entirely acceptable in a fraud action, the Complaint must then set forth the facts supporting the belief and provide specific available information to enable the defendants to adequately respond.

Denominating unspecified financial documents, circulated by certain defendants, as false is not sufficient. See, e. g., ¶¶ 4, 18, 19, and 31 of Complaint. There must be further specific identification of the financial documents; identification of the false statements made and in which portions of the financial documents they appear; in what respects the statements were false, misleading or inaccurate or what omissions were made or why the documents are believed to be misleading; when the documents were issued and which defendants were responsible for their issuance.

Plaintiff uses the words "plan," "conspiracy," "aid and abet;" these words

alone do not satisfy the specificity requirement of Rule 9(b). Plaintiff must describe the "plan" with some specificity and what acts or omissions comprised the plan.

█ Plaintiff alleges certain material misstatements and instances of nondisclosure respecting certain mortgage loans. See, e. g., ¶ 21 of Complaint. Plaintiff needs to identify in the Complaint the loans to which he is referring; when they became delinquent; what information was concealed and acts not disclosed; what foreclosures are involved; which properties are involved; and which defendants disseminated the fraudulent information.

█ Plaintiff must specify the material misstatements, instances of concealment, and detrimental reliance regarding the alleged improper Advisor's fees. ¶ 26 of Complaint.

█ Furthermore, respecting the alleged liability of defendant Price, Waterhouse and Co. (PWC), plaintiff must identify the financial documents which were certified by defendant PWC and plaintiff's reliance on such documents. Defendant PWC further alleges that plaintiff has not properly alleged scienter as required in a private fraud action against an accounting firm. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). However, paragraphs 17 and 18 of the Complaint allege the necessary intent.

█ The Complaint lacks similar particularity with regard to the claims made under sections 14 and 18 of the Securities and Exchange Act of 1934. Plaintiff needs to specify the identity of the financial reports, prospectuses, proxy solicitations, and press releases which contained misleading information and upon which plaintiff relied to his detriment.

Inasmuch as the plaintiff has failed to plead fraud with the particularity required in Fed.R.Civ.P. 9(b), the Court hereby GRANTS the plaintiff 30 days to amend the Complaint to comply with Rule 9(b). Upon plaintiff's failure to so amend the Complaint, the Court will grant defendants' motion to dismiss filed February 25, 1976.