Herman **FRIEDLANDER**, etc., et al.,
Plaintiffs-Appellants,
Cross-Appellees,

v.

**Jerry C. NIMS, et al.,**
Defendants-Appellees,

**Timex Corporation, Defendant-Appellee,**
Cross-Appellant.

No. 84–8110.

United States Court of Appeals,
Eleventh Circuit.

March 19, 1985.

Edward L. Greenblatt, Lipshultz, Frankel, Greenblatt, King & Cohen, Atlanta, Ga., Henry A. Brachtl, Richard B. Dannenberg, Lowey, Dannenberg & Knapp, New York City, for Herman Friedlander, etc., et al.

Richard Sinkfield, Rogers & Hardin, C.B. Rogers, Janice E. Garlitz, Atlanta, Ga., for J.C. Nims and Lo.

Kent E. Mast, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., Ralph J. Savarese, Gaspare J. Bono, Jean M. Allison, Howrey & Simon, Washington, D.C., Kent E. Mast, Richard M. Kirby, Hansell & Post, Atlanta, Ga., for Timex.

Oscar Persons, Atlanta, Ga., for Nimslo, et al.

Thornton W. Morris, Atlanta, Ga., for Bostic.

Emmet J. Bondurant, II, Trotter, Bondurant, Miller & Hishon, Atlanta, Ga., for Seifert.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN *, District Judge.

VANCE, Circuit Judge:

Appellant Friedlander contends that the district court erred in granting defendant Timex's motion to dismiss for failure to state a claim and for failure to plead fraud with particularity as required by Fed.R. Civ.P. 9(b). Because we find that appellant deliberately chose to forego his opportunity to cure the defects of his complaint despite

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama sitting by designation.

specific and repeated warnings from the trial judge that such amendment was necessary to avoid dismissal, we affirm.

Friedlander brought this class action on behalf of the minority shareholders of Nimslo Technology, Inc. (Nimslo) alleging that Timex and several other corporations and individuals entered into a conspiracy to "freeze out" Nimslo's minority shareholders at an unconscionably unfair price through fraud and deception. Fred Olsen and James Davidson, who are controlling shareholders and officers of Timex, were among the individuals named as defendants. The complaint contained four counts, only three of which pertained to Timex. Those counts alleged violations of (1) Rule 10b–5, 17 C.F.R. § 240.10b–5; (2) section 12(d) of the Georgia Securities Act, O.C.G.A. § 10–5–12(d); and (3) various sections of the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–68. Timex responded to the complaint with a motion to dismiss for failure to state a claim or, in the alternative, for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9(b).

At the hearing on Timex's motion,[1] the district court specifically expressed concern over "whether Timex [was] properly in the case." On several occasions during appellant's argument on the motion, the court asked why the complaint did not allege specifically that Olsen's and Davidson's acts were undertaken on behalf of Timex. Each time counsel responded, in essence, that it was a mere oversight which could easily be corrected if the court granted leave to amend. Typical of these exchanges is the following:

THE COURT: Why then—I mean if these are your contentions, why didn't you allege in your complaint that Mr. Olsen was acting on behalf of Timex?

MR. DANNENBERG: Just error of the scrivener, your honor. We tried to draw a very careful complaint and we were not perfect. Yes, I would have preferred if I were arguing before you today, as I am, that that clause be in

there but it's not there, but that was our intention and certainly at the outset of the case, if you were to grant us leave, I would spell these details out even further.

Later during appellant's argument, the district judge made it clear that he felt some amendment was necessary and stated, "I'm not satisfied that those bare allegations are sufficient to hold a corporation [liable]." The judge was even more specific during Timex's rebuttal and after stating that he thought Friedlander "could state a claim" against Timex, he admonished appellant's counsel that "I don't believe that Mr. Olsen's activities are necessarily attributable to Timex unless they are properly plead [sic] to be."

At the close of argument on the motion, the district judge indicated without ruling that his initial conclusion was that Timex was not properly in the case, but he was also inclined to give Friedlander an opportunity to amend the complaint. He cautioned Friedlander against recklessly alleging facts just to keep Timex in the case, warning that appropriate sanctions would follow such conduct. Not surprisingly, the court's subsequent order granted Timex's motion to dismiss subject to Friedlander's right to amend the complaint within fifteen days. *Friedlander v. Nims*, 571 F.Supp. 1188, 1199 (N.D.Ga.1983). The order stated that the court was granting Timex's motion because the complaint failed to state a cause of action against Timex. It further stated that even if the complaint had stated a cause of action against Timex the court would have granted the motion for failure to plead fraud with particularity as required by rule 9(b). In granting Friedlander an opportunity to amend, the district judge reminded counsel of the requirements of rule 11 and reiterated that sanctions would be imposed for false pleadings. *Id.* at 1194–95. Friedlander, apparently after re-evaluating his original complaint in light of the court's order, determined that it adequately stated a 10b–5 claim against Timex and chose to forego his opportunity to amend. He contends in

---

1. At this hearing the court also heard arguments
on Friedlander's motion for class certification.

this appeal that the district court erred in finding that his original complaint failed to state a 10b–5 claim against Timex.[2]

We are reluctant to approve rule 12(b)(6) dismissals in light of the well-established rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." [3] *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted); *McKinnis v. Mosely,* 693 F.2d 1054, 1058 (11th Cir.1982). Our strict adherence to this rule has led us to hold that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *See Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597–99 (5th Cir.1981); *Sarter v. Mays,* 491 F.2d 675, 676 (5th Cir.1974). This is precisely the situation the district court below faced. The court not only gave Friedlander the opportunity to amend, but even told Friedlander the deficiency in the complaint and how it could be remedied. The district court therefore properly granted Friedlander the opportunity to amend his complaint [4] once it determined that the original complaint was deficient.

A district court may dismiss a case for failure to comply with the pleading rules. Although this is a severe sanction, its imposition is justified when a party chooses to disregard the sound and proper directions of the district court. *See, e.g., Maddox v. Shroyer,* 302 F.2d 903, 904 (D.C. Cir.), *cert. denied,* 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962) (affirming dismissal of complaint after plaintiff's refusal to amend despite the trial court's instruction that amendment was necessary to avoid dismissal); *see also Hyler v. Reynolds Metal Company,* 434 F.2d 1064 (5th Cir.1970), *cert. denied,* 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971) (affirming dismissal of complaint for refusal to amend despite specific instructions to do so and for failure to appear at the pre-trial conference). It is difficult to imagine how the district court could have been more explicit in expressing its concern over the complaint's deficiencies and in recommending the changes necessary to correct them. Friedlander acknowledges that he does not specifically allege anywhere in his detailed, forty-five page complaint that Olsen's actions were within the scope of his employment or for the benefit of Timex. He also acknowledges that the district court repeatedly raised this issue and asked for an explanation at the hearing on Timex's motion for dismissal.

---

2. Friedlander chose not to appeal the district court's dismissal of the Georgia securities law and RICO claims.

3. We are well aware of the potential conflict that exists between the concept of "notice pleading" which is embodied in Fed.R.Civ.P. 8 and the particularity requirement of Fed.R.Civ.P. 9(b). The federal rules governing pleading were designed to "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). In seeming contrast to this, rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). The particularity rule serves several purposes. *See Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080 (S.D.N.Y. 1977), *aff'd,* 636 F.2d 1201 (2d Cir.), *aff'd,* 636 F.2d 1203 (2d Cir.), *aff'd,* 636 F.2d 1206 (2d Cir.1980). Its clear intent is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed. *See Elster v. Alexander,* 75 F.R.D. 458, 461 (N.D. Ga.1977). Rule 9(b) must not be read to abrogate rule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading. *See Zuckerman v. Franz,* 573 F.Supp. 351, 356 (S.D.Fla. 1983); *Xaphes v. Shearson, Hayden, Stone, Inc.,* 508 F.Supp. 882, 887 (S.D.Fla.1981).

4. While Friedlander made no formal request to amend pursuant to rule 15(a), he made an oral request at the hearing. Further, the judge's comments at the close of the hearing on the motion certainly alerted both sides that he was considering allowing Friedlander the opportunity to amend.

Friedlander's counsel offered at the hearing to amend the complaint to include these allegations. When given the opportunity to amend, however, Friedlander chose not to do so.[5] Without deciding whether we would reach the same result had this complaint been dismissed without a hearing and an opportunity to amend,[6] we find that under the circumstances the district court did not err in granting Timex's motion.

AFFIRMED.

5. In brief and at oral argument before this court Friedlander asserted that he chose not to amend the complaint because any such attempt would have been futile. According to Friedlander, even if he had amended the complaint to allege that Olsen was acting within the scope of his employment, the district court's order indicates that the court still would have dismissed the complaint. We find this argument totally unpersuasive in light of the district court's exchange with counsel at argument on the motion and in light of our reading of the district court order. Friedlander also asserts that he was somewhat reluctant to amend the complaint because the court intimidated him by reminding him of the basis in fact requirement of rule 11 and warning that sanctions would follow if the complaint were amended falsely or recklessly. Without expressly endorsing the warnings, we find that the district court's statements do not justify the failure to amend the complaint.

6. Because of our reluctance to dismiss complaints for failure to state a claim, we cannot say that our decision would be the same had the district court dismissed this complaint without pointing out the specific deficiencies in the complaint and giving Friedlander the opportunity to amend. Since Friedlander has had an opportunity to amend and failed to do so, however, we are unwilling to disturb the district court's ruling.