**ANTILLES TRADING COMPANY, S.A.**

v.

**SCIENTIFIC–ATLANTA, INC.**

No. C86–0011A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 30, 1986.

---

**448**

Stephen O'Day, Susan Kerr, Hurt Richardson Garner Todd & Cadenhead, Atlanta, Ga., for plaintiff.

Robin Goff, Mozley Finlayson & Loggins, Atlanta, Ga., and Donald Andersen, Office of Donald Andersen, Tucker, Ga., for defendant.

## ORDER

RICHARD C. FREEMAN, District Judge.

Count I of this six count complaint seeks relief pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* The matter is before the court on a motion by defendant Scientific-Atlanta, Inc. ("S-A") to dismiss this count of the complaint. Plaintiff Antilles Trading Company, S.A. ("ATC") opposes the motion.

According to the allegations of the complaint, which must be accepted as true for purposes of this motion, plaintiff is an independent business organization engaged in the sale, installation and service of electronic and communications equipment. Plaintiff and defendant entered into distributor agreements effective March 1, 1981, through February 28, 1985. Under these agreements, plaintiff was purportedly granted the exclusive right to represent the defendant in certain territories and a nonexclusive right to represent the defendant in Cayman Island and Puerto Rico.

In Count I of the complaint, plaintiff alleges that defendant S-A and an association of salesmen, distributors, and other unnamed co-conspirators formed an "enterprise" to defraud the plaintiff and drive it out of business. Plaintiff states as follows:

> Upon information and belief, in furtherance of and as an integral part of the fraudulent plan, scheme, design, and conspiracy of the aforementioned enterprise, S-A made representations to ATC which were false and which at the time it did not intend to perform regarding ATC's sales in Puerto Rico and Exclusive Territories with the intention that ATC would rely thereon and that such actual reliance would be to ATC's detriment, including, but not limited to the following misrepresentations:
>
> (i) that ATC was its exclusive distributor in the Exclusive Territories;

(ii) that as its distributor, ATC received price benefits on S–A products;

(iii) that ATC would be its exclusive distributor in Puerto Rico;

(iv) that S–A would cooperate with ATC in the promotion and sale of S–A products in Exclusive Territories and Puerto Rico; and

(v) that S–A would extend to ATC customers its warranty, and reimburse ATC for the cost of authorized warranty repair work performed by ATC.

Complaint at ¶ 17. Plaintiff contends that these false representations constituted violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343, in that the representations were made by wire communications or through the use of the mail:

In furtherance of the fraudulent scheme, these false misrepresentations were made to ATC in wire communications and through use of the mails on more than two occasions, by representatives of S–A.

Upon information and belief in furtherance of and as an essential part of the plan, scheme, design, and conspiracy of the aforementioned enterprise, S–A, its dealers, and other co-conspirators unknown to the plaintiff caused the legal transmission through the United States Mail of letters.

Upon information and belief, the plan, scheme, design, and conspiracy of the aforementioned enterprise, encompassed the use of the mail and wire services in interstate commerce in order to effectuate and further the plan, scheme, design, and conspiracy.

Complaint at ¶¶ 19, 21, and 23.

Plaintiff further alleges that this fraudulent scheme involved repeated acts of racketeering activity within a ten year period and that the scheme has continued "at all times relevant to this litigation." *Id.* at ¶ 24–25. Plaintiff asserts that it relied on these misrepresentations and that it was thereby injured in its business and property.

Defendant moves to dismiss the RICO claim on several grounds. Defendant argues that the plaintiff has failed to plead fraud with particularity and, in addition, has failed to plead a RICO violation with particularity. *See* Rules 8(a) and 9(b), Fed. R.Civ.P.; *Taylor v. Bear Stearns & Co.*, 572 F.Supp. 667 (N.D.Ga.1983). Defendant also contends that the RICO claim should be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6), Fed.R.Civ.P. Defendant argues that the plaintiff has not adequately alleged the elements of a RICO claim. In response, plaintiff asserts that it has pled fraud with sufficient particularity to enable the defendant to frame its response and that it has adequately alleged the elements comprising a claim under RICO.

In order to state a private claim for relief under RICO, a person must allege that he has been injured in his business or property by reason of a violation of 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c). Section 1962 has four subsections and the complaint in this case does not indicate which subsection the defendant allegedly violated. It appears, however, from the plaintiff's brief in opposition to the motion to dismiss that the plaintiff is alleging a violation of section 1962(c). The essential elements of a claim alleging a violation of section 1962(c) are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted).

RICO defines "racketeering activity" to include any act which is indictable under 18 U.S.C. §§ 1341 and 1343, the mail and wire fraud statutes. 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires at least two acts of racketeering activity. *But see Sedima,* 105 S.Ct. at 3285 n. 14 (Two isolated acts of racketeering activity may not suffice to establish a "pattern"); *see also Bank of America National Trust & Savings Association v. Touche Ross & Co.,* 782 F.2d 966, 971 (11th Cir.1986) ("[T]o establish a pattern there must be a showing of more than one racketeering activity and the threat of continuing activity.")

It has generally been held that Rule 9(b), Fed.R.Civ.P., applies to RICO claims in which the predicate acts include allegations

of fraud. *See, e.g., Haroco v. American National Bank & Trust Co. of Chicago,* 747 F.2d 384, 405 (7th Cir.1984), *aff'd,* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Gregoris Motors v. Nissan Motor Corp. in U.S.A.,* 630 F.Supp. 902, 912–13 (E.D.N.Y.1986). Rule 9(b) requires that in all averments of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Courts have most often held that the rule requires that the pleader state the time, place, and content of the misrepresentations, as well as who made the misrepresentations and to whom. *See, e.g., Currie v. Cayman Resources Corp.,* 595 F.Supp. 1364, 1371 (N.D.Ga.1984); *National Egg Co. v. Bank Leumi le-Israel B.M.,* 504 F.Supp. 305 (N.D.Ga.1980); 2A *Moore's Federal Practice* ¶ 9.03. While plaintiff is correct in noting that specific allegations of time and place are not required by the rule, it has been stated that in the absence of these specifications, a plaintiff should "use alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786, 791 (3rd Cir.1984).

■ Rule 9(b) cannot, however, be read in a vacuum. Rather, the rule should be harmonized with Rule 8(a), which simply requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985). Thus, in considering a motion to dismiss for failure to plead fraud with particularity, a court must carefully consider whether the goals of Rule 9(b) will be advanced. Rule 9(b) is intended to prevent the filing of fraud claims in which the facts are learned through discovery after the filing of the complaint. *Id.* In addition, the rule seeks to protect potential defendants from incurring harm to their reputation and to provide them with sufficient notice so as to be able to prepare a defense to a charge of fraud. *Currie,* 595 F.Supp. at 1371 (quoting *Gross v. Diversified Mortgage Investors,* 431 F.Supp. 1080, 1087 (S.D.N.Y.1977)). These latter goals are even more significant in the context of a RICO claim in which the allegation of fraud then gives rise to a charge of "racketeering."

■ The allegations of fraud set forth in Count I of the instant complaint fail to meet the specificity requirement of Rule 9(b). Plaintiff's claim of fraud alleges simply that at some point between 1981 and 1985, someone at S–A may have misrepresented to someone at ATC that ATC would be an exclusive distributor for S–A and would receive price benefits from S–A, and that S–A would help promote its products and would extend its warranties to ATC's customers. This type of conclusory and vague allegation is precisely the sort of pleading which Rule 9(b) seeks to prevent. S–A is given no indication of who made these alleged representations, who the representations were made to, or when and where the representations were made. Not only is S–A unable to prepare a defense to these allegations, S–A is prevented from framing an adequate response since it is not put on notice of the precise wrong of which it is accused. Plaintiff has failed to compensate for the failure to plead these specific facts by use of an alternative means of substantiation. *See Seville,* 742 F.2d at 791.

The absence of more specific allegations in the instant complaint can only lead this court to conclude that plaintiff has alleged fraud in the hope of uncovering such fraud during the course of discovery. Yet, it cannot be said that the fraud which the plaintiff complains of is solely within the knowledge of S–A since ATC has portrayed the fraud as consisting of active misrepresentations made to ATC. As noted above, a vague allegation of fraud made with the hope of later discovery of the wrongdoing is even more troubling in the context of a RICO claim, in which the defendant stands accused of racketeering. A complaint alleging fraud and racketeering "should be a vehicle to right a wrong, not to find one." *Taylor,* 572 F.Supp. at 682 (citation omitted).

In addition to the fact that the plaintiff has failed to allege the circumstances of

the fraud with particularity, it must also be noted that the heart of the plaintiff's fraud claim is based on "information and belief." Plaintiff correctly points out that it has been held in this district that an allegation of fraud may be based on information and belief. *See Elster v. Alexander*, 75 F.R.D. 458, 401 (N.D.Ga.1977). The court in *Elster* explained, however, that while a complaint may allege fraud on information and belief, "the allegations must then be accompanied by a statement of facts upon which the belief is founded." *Id.* (citations omitted); *see also Currie*, 595 F.Supp. at 1371. Plaintiff has wholly failed to provide the defendant or this court with the facts upon which these beliefs are purportedly based.

 The inadequacy of the pleadings set forth by the plaintiff also fatally infects the RICO claim. As pointed out by the defendant, plaintiff has not even alleged the specific subsection of § 1962 which it claims S–A violated. To the extent that the plaintiff attempts to plead a violation of § 1962(c), plaintiff has done nothing more than parrot the language of the statute. For example, plaintiff has alleged no facts indicating that S–A "conducted" an interstate enterprise through a pattern of racketeering activity. Moreover, as discussed above, a "pattern of racketeering activity" requires a "threat of continuing activity" in addition to more than one act. Yet, the conclusory nature of the plaintiff's complaint makes it impossible for the court to assess whether such a threat has been alleged.

Although the court will dismiss the plaintiff's complaint as submitted, the court recognizes that a plaintiff must be given an opportunity to amend the complaint if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander*, 755 F.2d at 813. While the court questions whether the lack of specificity in this complaint resulted from inadequate drafting or from the plaintiff's lack of knowledge of specific

facts, the court will nonetheless allow the plaintiff the opportunity to amend the complaint. Plaintiff is advised, however, that the court will scrutinize closely any amended complaint.[1]

Accordingly, for the reasons discussed above, defendant's motion to dismiss Count I of the complaint is GRANTED subject to the plaintiff's right to file an amended complaint within twenty (20) days of the date of entry of this order.

---

1. The court notes that Counts IV and V of the complaint allege common law fraud claims. Defendant has not moved to dismiss these counts and the court therefore expresses no opinion as to the sufficiency of these claims.