[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

No. 07-15274
Non-Argument Calendar

_____

D. C. Docket No. 05-01806-CV-ORL-31-DAB

RENEE BELL,

                                        Plaintiff-Appellant,

versus

FLORIDA HIGHWAY PATROL,
LARRY COSTANZO,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 15, 2009)

Before EDMONDSON, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Renee Bell, proceeding pro se, appeals the dismissal with prejudice of her second amended complaint against her former employer, Florida Highway Patrol. The district court dismissed the complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6),[1] concluding that Bell had failed to comply with Fed.R.Civ.P. 8. Reversible error has been shown; we vacate and remand for additional proceedings.

On appeal, Bell notes that her second amended complaint should be construed liberally. She also argues that the district court dismissed her complaint on a technicality and should not have done so, given that the court noted that the second amended complaint was easier to read than her first amended complaint.[2] We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). And "[w]e accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." Id. In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Rule 8 requires that a pleading contain "a short and plain statement of the

[1]The district court did not state explicitly the authority under which it dismissed Bell's complaint. But in dismissing her complaint, the court granted Defendant's motion to dismiss, which was premised on Rule 12(b)(6).

[2]The principal argument Bell sets forth in her brief is that her case is ripe for review; but whether Bell complied with Rule 8 -- and not ripeness -- is the issue on appeal.

2

grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1), (2). A district court may dismiss a complaint for failure to comply with Rule 8(a) only if the plaintiff can prove no facts that would entitle him to relief. Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002).

The district court earlier had dismissed, without prejudice, Bell's 20-page first amended complaint. The court noted that the complaint was an "impenetrable jumble" of claims and legal citations and that no defendant "could be expected to frame a response to th[e] incomprehensible pleading." The court instructed Bell that, if she filed a second amended complaint, it had to comply with Rule 8. And the district court cautioned her that another "single-spaced, all-capped pleading" would violate a local rule and could result in dismissal with no further notice.

Bell's eight-page second amended complaint invoked jurisdiction under 28 U.S.C. § 1343 and sought three million dollars in damages. She listed the following claims for relief: defamation, race discrimination, and retaliation. Under the heading of race discrimination, Bell cited to Title VII and alleged that her boss, Larry Costanzo, ordered her to (1) enter work through the rear door of the building while white employees were allowed to use the front door, (2) use

3

separate restrooms from white employees, and (3) not talk to white employees.[3]

After review, we conclude that Bell sufficiently complied with Rule 8. The district court erred in dismissing the second amended complaint. Bell provided a short and plain statement of jurisdiction by citing to section 1343 and Title VII. She also provided a short and plain statement of her discrimination claims -- she was required to enter through a separate entryway and to use separate restrooms than white employees -- that, if proved, could entitle her to relief under Title VII. See 42 U.S.C. § 2000e-2(a)(1) (employers are prohibited from discriminating against any person "with respect to . . . conditions . . . of employment . . . because of . . . race").

Interspersed throughout Bell's complaint were many confusing citations and allegations, including repeated references to the Sarbenes-Oxley Act, criminal statutes, and the Constitution. She did not explain clearly how these provisions bore on her claims. Bell's second amended complaint is no paragon of notice pleading, but it is good enough. The district court has a duty to narrow the issues by stripping away frivolous claims and allowing potentially meritorious claims to proceed. Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir.

---

[3]Bell also alleged that (1) several statements Costanzo made defamed her, (2) Defendant retaliated against her because she requested leave under the Family Medical Leave Act, and (3) Defendant created a hostile work environment because of negative comments and jokes about her race.

1997).

"We are reluctant to approve rule 12(b)(6) dismissals in light of the well-established rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove _no_ set of facts in support of his claims which would entitle him to relief." Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) (internal quotation omitted) (emphasis added).  Liberally construing Bell's second amended complaint and considering her allegations in the light most favorable to her, we cannot conclude that she alleged no set of facts that would entitle her to relief.  See id.  We also cannot conclude -- given her Title VII allegations -- that allowing her again to amend her complaint would be futile.  See id. (explaining that a "district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim").  Therefore, we vacate the order dismissing Bell's second amended complaint and remand to the district court for additional proceedings consistent with this opinion.[4]

VACATED AND REMANDED.

---

[4]We reject Bell's argument that the district court abused its discretion in denying her in forma pauperis status; her request for IFP status became moot after she paid the filing fee.  We also reject Bell's argument that the district court erred in denying her appointment of counsel; Bell demonstrated no exceptional circumstances justifying the need for counsel.  See Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).