[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14021
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-01920-KOB


THRESA LYNN WILLIAMS,

Plaintiff - Appellant,


versus


TALLADEGA COMMUNITY ACTION AGENCY,
BANK OF AMERICA, et al.,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 3, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Thresa Lynn Williams, proceeding pro se, sued several defendants, including banks, lawyers, and a non-profit agency who were opponents from previous lawsuits, as well as judges who ruled against her in the previous proceedings.  In her complaint, Williams asserted several civil claims and alleged crimes, arguing that the defendants conspired to extort her, among other things.  Two defendants filed motions to dismiss for failure to state a claim.  In consideration of these motions, the district court outlined the various deficiencies with Williams's complaint.  However, given Williams's pro se status, the district court ordered that the motions be administratively terminated, without prejudice, so that Williams could re-file her complaint in compliance with the Federal Rules of Civil Procedure.  The district court ordered that Williams re-file her complaint in conformity with the governing rules on or before June 21, 2012, and warned that failure to do so would result in dismissal against all defendants.  Williams did not re-file her complaint, and on July 2, 2012, the district court dismissed Williams's complaint with prejudice.  Williams appeals the dismissal, arguing her case should not have been dismissed because there was no need for her to file an amended complaint.

I.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court has the authority to dismiss actions for failure to obey court orders.  See Goforth v. Owens,

766 F.2d 1533, 1535 (11th Cir. 1985).  We review a district court's dismissal for failure to comply with the rules of the court for abuse of discretion.  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005).  While we liberally construe pleadings from pro se litigants, we still require that they follow procedural rules.  Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Dismissal with prejudice is "an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."  Betty K Agencies, 432 F.3d at 1338 (quotation marks omitted).   When the record shows that lesser sanctions would not serve the interests of justice, the district court may implicitly find that lesser sanctions would be insufficient.  See Goforth, 766 F.2d at 1535.

Here, the district court did not abuse its discretion in dismissing the case with prejudice when Williams did not comply with the order to re-file her complaint.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) ("Although [a dismissal] is a severe sanction, its imposition is justified when a party chooses to disregard the sound and proper directions of the district court.").  It is true the

3

district court did not make an explicit finding that lesser sanctions would be inadequate.  However, the dismissal was precipitated by Williams's refusal to correct her shotgun pleading, which disregarded a court order and made it difficult for defendants to discern the factual and legal allegations against them.  This record "supports an implicit finding that any lesser sanction than dismissal would not have served the interests of justice."  Goforth, 766 F.2d at 1535.  While the district court could have been more direct in explaining why lesser sanctions would not suffice, the court did not abuse its discretion in dismissing Williams's complaint with prejudice.

## II.

For these reasons, the decision of the district court is **AFFIRMED**.

4