[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12775
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cv-01968-RBD-TBS

JENNIFER SKYLES,
as Personal Representative of her deceased spouse, Anthony Skyles,

                                                        Plaintiff - Appellant,

versus

MICHAEL J. McCOY,
in his official capacity as Chief of Police of Altamonte Springs Police Department,
et al.,

                                                        Defendants,

THE CITY OF ALTAMONTE SPRINGS,

                                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 9, 2018)

Before WILLIAM PRYOR, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Appellant, Jennifer Skyles ("Skyles"), filed an eight-count complaint against The City of Altamonte Springs, Florida ("the City"), and two other defendants, police officer Matthew Fowler ("Officer Fowler"), and the former Chief of Police Michael J. McCoy ("Chief McCoy"), under 42 U.S.C. § 1983 and Florida's Wrongful Death Act, Florida Statute § 768.28 (2017) in state court. The allegations stemmed from an incident at Skyles's home in June 2014. Skyles called authorities to assist her in transporting her husband to the hospital when he placed a knife to his throat and informed her that he felt suicidal. Her husband suffered from mental illness and, according to Skyles, based on prior calls, the authorities knew that he suffered from a mental illness and had been previously released from a mental hospital facility. Officer Fowler arrived at the scene to provide assistance and fatally shot Skyles's husband.

After the case was removed to federal court, the City moved to dismiss several counts: Count III, alleging negligence/wrongful death against the City; Count V, alleging assault and battery against the City; Count VI, alleging excessive force against Chief McCoy; Count VII, alleging negligent hiring against the City; and Count VIII, alleging negligent hiring against Chief McCoy. The

2

district court granted the motion to dismiss without prejudice and granted Skyles leave to amend. In its order, the district court specifically directed Skyles that if she chose to amend Count III, she must affirmatively identify all potential beneficiaries in accordance with Florida's Wrongful Death Act, and if she chose to amend Counts VI, VII, and VIII, she must plead them as alternative theories of liability for wrongful death. Due to confusion and lack of clarity in the complaint, the district court further directed Skyles to notify the court whether Chief McCoy and Officer Fowler had been served with the complaint and whether she was suing them in their individual capacities.

Skyles, represented by counsel, filed a response indicating that she intended to pursue the action against Chief McCoy and Officer Fowler only in their official capacities. She failed to amend the complaint to correct the deficiencies identified by the district court. Thus, the district court entered an order dismissing Chief McCoy and Officer Fowler based on the well-settled case law that claims against officers in their official capacities are, in actuality, claims against the City itself. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Upon determining that the City was the only proper defendant in the action, the district court directed the City to respond to the remaining counts. Hence, the City filed a second motion to dismiss, requesting dismissal of Counts I, II, and IV. The City

3

re-asserted the arguments it made in its first motion.  Skyles did not file a response.

The district court granted the second motion to dismiss, dismissing Counts I, II,

and IV with prejudice.  Skyles filed an appeal of the district court's second

dismissal order.

## II. DISCUSSION

Skyles asserts on appeal that the district court erred in dismissing her

complaint with prejudice.  Generally, this court reviews de novo a district court's

dismissal order under Federal Rule of Civil Procedure 12(b)(6), drawing all

reasonable factual inferences in favor of the plaintiff.  *Wiersum v. U.S. Bank, N.A.*,

785 F.3d 483, 485 (11th Cir. 2015).  However, in this case, Skyles has abandoned

any arguments that the district court erred on the merits by dismissing her

complaint.  Therefore, this courts reviews for abuse of discretion the district

court's decision whether to dismiss the complaint with or without prejudice.

*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

The district court did not abuse its discretion.  Skyles essentially argues that

the dismissal order was improper because the district court did not give her

sufficient time to amend her complaint, and she was entitled to at least one

opportunity to amend her complaint.  To the contrary, the district court, in its first

order on the City's motion to dismiss, dismissed without prejudice and gave Skyles

4

leave to amend her complaint to cure the noted deficiencies; however, she failed to exercise her right within the amendment deadline.  The district court was under no obligation to permit her a second leave to amend.  This case is controlled by *Wagner v. Daewoo Heavy Indus. America Corp.*, 314 F.3d 541 (11th Cir. 2002), in which this court held that a "district court is not required to grant a plaintiff leave to amend h[er] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Id.* at 542.  Accordingly, we conclude that the district court acted well within its discretion in dismissing Skyles's complaint with prejudice.

Moreover, the district court acknowledged that leave to amend should be freely given when justice so requires, but decided against giving Skyles a second opportunity to amend her complaint because she exhibited a pattern of unjustified dilatory conduct, including the failure to respond timely to the original motion to dismiss because she failed to follow the district court's local rules.  Skyles also failed to correct deficiencies in the complaint although the district court gave her the opportunity to do so, *see Friedlander v. Nims*, 755 F.2d 810, 811–12 (11th Cir. 1985) (stating that dismissal with prejudice was appropriate where district court gave "specific and repeated warnings" that amendment was necessary), failed to motion for leave to amend, and failed to respond to the second motion to dismiss,

5

*see Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (stating that it is within the district court's discretion to grant or deny an amendment and it should not deny leave to amend unless there is undue delay, dilatory motive, and repeated failure to cure deficiencies).  Thus, under the totality of the circumstances, the district court determined that granting Skyles leave to amend the complaint would have been futile.  The district court did not abuse its discretion in denying Skyles another opportunity to amend her complaint.

Furthermore, Skyles contends that the district court granted the second motion to dismiss solely because she did not file a response.  Contrary to this assertion, the district court dismissed Counts I, II, and IV based on the same deficiencies previously addressed in its order granting the City's first motion to dismiss without prejudice.  Assuming *arguendo* that the district court did grant the second motion to dismiss solely because Skyles failed to file a response, she does not assert on appeal why this would have been erroneous.  Skyles references an alleged confusion in the local rule at issue, but it is clear from the record that she had notice of the rules and the consequences for failing to follow these rules.  In sum, Skyles cannot demonstrate that the district court abused its discretion in granting the City's second motion to dismiss with prejudice.  Accordingly, we affirm the district court's order.

6

AFFIRMED.