## IN THE SUPERIOR COURT THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| KIRK RONDON )<br><br>Plaintiff, )<br><br>v. )<br><br>CARIBBEAN LEASING & ECO )<br>TRANSPORTATION, INC., D/B/A )<br>DRIVE GREEN, VI, DEFT, INC. D/B/A )<br>DOLLAR CAR RENTAL, AND JUSTIN )<br>WORKMAN )<br><br>Defendants. ) | CASE NO. ST-2019-CV-00302<br><br>ACTION FOR DAMAGES, NEGLIGENCE, BREACH OF CONTRACT, UNFAIR BUSINESS PRACTICE, TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS, NEGLIGENT OR FRAUDULENT MISREPRESENTATION, INTERFERENCE WITH PROSPECTIVE CONTRACT, FRAUD, & CONVERSION |

**2021 VI Super 72**

## <u>MEMORANDUM OPINION AND ORDER</u>

¶1      **THIS MATTER** is before the Court on the following:

1.      Defendant's Motion for Judgment on the Pleadings, filed June 19, 2020;

2.      Plaintiff's Motion in Opposition to Request for Judgment on the Pleadings, filed July 6, 2020; and

3.      Defendant's Reply in Support of Motion for Judgment on the Pleadings, filed August 7, 2020;

### I.   FACTUAL AND PROCEDRUAL BACKGROUND

¶2      On July 1, 2017, Kirk Rondon ("Rondon" or "Plaintiff") called Sales Manager Justin Workman ("Workman") of Caribbean Leasing & Eco Transportation, LLC d/b/a Drive Green VI ("Drive Green VI") to inquire about purchasing a 2015 Toyota Corolla LE. Rondon alleges that he knows Workman personally through his business and contacted him after seeing an advertisement in the Daily News from Budget Car Rental marketing cars for sale. Rondon went to Drive Green VI after Workman told him that the car he wanted was available. Both Rondon and his mechanic inspected the car and took it for a test drive. The mechanic stated that the car seemed okay, and Rondon indicated his interest in buying it. Workman informed Rondon of the need to insure the car and Workman also disclosed that the car had been involved in a minor accident that

2021 VI Super 72

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 2 of 15

involved changing some parts of the body. Rondon agreed to buy the car for $13,000, and Workman and Rondon signed a Bill of Sale for the 2015 Toyota Corolla LE on July 17, 2017.

¶3 On August 8, 2017, Rondon paid Drive Green VI the agreed $13,000.00 for the car plus $95.00 for registration and transfer of the title. While Rondon was driving the car, upon leaving the lot, warning lights began flashing, including brake sensor lights and the check engine light. Rondon contacted Workman regarding the issue and was to return the car to Drive Green VI.

¶4 On August 27, 2017, Workman called Rondon and said that a sensor for the brakes had caused the problem and it had been fixed. Rondon picked up the car that day. Upon receiving the car, it began to rain, and the car shut down when Rondon turned on the windshield wipers. Rondon called Workman who told him to return the car again to Drive Green VI. Rondon returned the car the following day and was told that the car had an electrical problem that would be fixed.

¶5 On October 30, 2017, Rondon went to Drive Green VI to inquire about the status of the car. Hurricanes Irma and Maria had made landfall in St. Thomas in September of 2017, and Rondon was informed that the car had been damaged by the hurricanes. Rondon informed Workman he did not want to buy the car. Workman informed Rondon that he should do an insurance claim on the car, but Rondon asserted that he did not yet own the car. Workman took Rondon to the lot to look at other available cars. Drive Green VI loaned Rondon a Toyota Yaris from October 30, 2017 to November 6, 2017, and continued to repair the 2015 Toyota Corolla LE.

¶6 On January 17, 2018, Workman informed Rondon they could sell him a base model 2016 Toyota Corolla. Rondon refused and requested the return of his money. Drive Green VI completed the repairs on the 2015 Toyota Corolla LE on or about January 31, 2018 and contacted Rondon to retrieve the car. Rondon never retrieved the car, and it remains on Drive Green VI's lot.

¶7 On March 21, 2018, Rondon filed a complaint with the Department of Licensing and Consumer Affairs, Division of Consumer Protection Services ("DLCA") against Drive Green VI seeking reimbursement for the 2015 Toyota Corolla LE. On or about April 5, 2018, Drive Green VI advised Rondon that he failed to retrieve the car after repairs were completed despite repeated requests. Drive Green VI informed Rondon that if the car were not picked up by April 30, 2018, Rondon would incur storage fees of $50.00 per month beginning from February 1, 2018.

¶8 On May 10, 2018, DLCA found that Drive Green VI complied with the applicable law in repairing the car and that Rondon's claim for reimbursement was not supported by law. In its determination, DLCA enclosed the title and registration for the 2015 Toyota Corolla LE in Rondon's name and the storage fee notice from Drive Green VI. DLCA also informed Rondon that he could appeal this decision by filing a civil case in the Superior Court of the Virgin Islands.

¶9 On April 6, 2019, Rondon filed a complaint with the Superior Court against Drive Green VI, Def, Inc. d/b/a Dollar car Rental, and Justin Workman ("Defendants"). In his complaint, Rondon alleged negligence, breach of contract, unfair business practice, fraud, interference with prospective contract, negligent or fraudulent misrepresentation, conversion, and tortious

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 3 of 15

interference with business relations. The Defendants filed an answer and counterclaim on October 21, 2019, asserting that they fully complied with applicable law and Rondon's complaint may be barred in whole or in part by the statute of limitations. Plaintiff filed an answer to Defendants' counterclaim on February 7, 2020. Defendants filed a motion for judgment on the pleadings on June 19, 2020. Plaintiff filed an opposition to the motion for judgment on the pleadings on July 6, 2020. Defendants filed a reply in support of the motion for judgment on the pleadings on August 7, 2020. The issue before the court is whether Rondon's civil action is precluded by the statute of limitation imposed by DLCA pursuant to 12A VIC §185(b) and if the case should be dismissed as a matter of law.

## II. LEGAL STANDARD

### A. Motion for Judgment on the Pleadings

¶10    Motions for judgment on the pleadings are decided pursuant to Rule 12 of the Virgin Islands Rules of Civil Procedure which states, "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings".[1] A motion for a judgment on the pleadings "should not be granted 'unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law.'"[2] In reviewing a decision on a motion for judgment on the pleadings, the Court should view "'the facts alleged in the pleadings and inferences to be drawn from those facts in the light most favorable to the plaintiff.'"[3] In determining whether it is proper to grant a motion for a judgment on the pleadings, the Court is "foreclosed from considering evidence from any source outside of the pleadings and the exhibits attached to the pleadings."[4]

### B. 12A V.I.C. 185 Writ of Review

¶11    The Virgin Islands Consumer Protection Law of 1973 ("CPL") provides that "before bringing a civil action on a matter subject to [the Motor Vehicle Trade Practices subchapter] of this chapter, the consumer shall first submit his dispute to the Department of Licensing and Consumer Affairs for review."[5] Section 185 of the CPL also provides:

---

[1] V.I. R. Civ P. 12(c).

[2] *Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 566 (V.I. 2012) (citing *Mele v. Fed'l Reserve Bank of N.Y.*, 369 F.3d 251, 253 (3d. Cir. 2004)) (quoting *Leamur v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002)).

[3] *Reynolds v. Rohn*, 70 V.I. 887, 896 (V.I. 2019) (citing *United Corp. v. Hamed*, 64, V.I. 297, 205 (V.I. 2016) (quoting *Benjamin*, 56 V.I. at 566) (determining that in deciding a motion for a judgment on the pleadings, the Court views the facts and inferences from the pleadings in the same way as a Rule 12(b)(6) motion).

[4] *Benjamin*, 56 V.I. at 566 (citing *Elvig v. Calvin Presbyterian Church*, 375 F.3d 95, 955 (9th Cir. 2004)).

[5] 12A V.I.C. § 185(a)(1).

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 4 of 15

> If the Commissioner rejects a dispute for hearing or if a dispute is heard and any party rejects the hearing decision, the party may bring an action in court to seek the remedies provided under this chapter. A petition to the Superior Court without jury to appeal a decision <u>shall be made within 30 calendar days of receipt of the Commissioner's decision</u>.[6]

In cases dealing with the DLCA, Virgin Islands courts have determined that "exhaustion of administrative remedies should occur before a case is ripe before judicial review."[7] In determining whether exhaustion is required, the Court must first examine the statute.[8] If "the language of the statute is clear, a court should look no farther in its words in interpreting the statute."[9] Although the statute of limitations is an affirmative defense involving issues of fact, where facts are "so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law."[10]

## C. 12(b)(6) Failure to State a Claim

¶12    Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure allows a party to move for dismissal of a complaint based on a "failure to state a claim upon which relief can be granted."[11] The motion to dismiss for failure to state a claim tests the sufficiency of the complaint and does not ask the court to address the merits.[12] The Virgin Islands is a notice pleading jurisdiction which means that "a complaint is sufficient so long as it adequately alleges facts that put an accused party on notice of claims brought against it."[13] In such jurisdictions, "the purpose of a notice pleading standard is to 'avoid dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[14] Since the purpose of a motion to dismiss at this stage is to test the sufficiency of a complaint and not the truth of the facts alleged, the plaintiff "merely needs to provide a basic legal and factual basis for his claim to put a defendant on fair notice of the claims brought against him."[15]

---

[6] 12A V.I.C. § 185(b) (emphasis added).

[7] *Metro Motors, V.I., Inc. v. Dep't of Licensing & Consumer Affairs*, No. ST-10-CV-486, 2012 V.I. LEXIS 111, at *5 (V.I. Super. Ct. 2012) (citing *Placeway Constr. Corp. v. U.S.*, 920 F.2d, 903, 906 (Fed. Cir. 1990).

[8] *Id.*

[9] *Id.* (citing *Danbury, Inc. v. Olive*, 5.13, 22, V.I. 183 (D.V.I. 1986)).

[10] *Oliver v. Terminex International Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. 2020) (citing *United Corp. v. Hamed*, 64 V.I. 297, 306 (V.I. 2016) and *Burton v. First Bank of Puerto Rico*, 49 V.I. 16, 20 (V.I. Super. Ct. 2007)).

[11] V.I. R. Civ. P. 12(b)(6); *see also Arellano v. Rich*, 70 V.I. 696, 709-10 (V.I. Super. Ct. 2019).

[12] *Oliver*, 73 V.I. at 214.

[13] *See* V.I.R. Civ. P. 8; *see also Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017) (clarifying that the Virgin Islands has abolished the 3-part *Twombly* plausibility standard established by the United States Supreme Court).

[14] *Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 659 (V.I. 2019) (quoting *Mills-Williams*, 67 V.I. at 585).

[15] *Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *5 (V.I. Super. Ct. 2020) (stating that pleadings "must be fatally defective before they may be rejected as insufficient").

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 5 of 15

## III. ANALYSIS

### A. It is proper to grant Defendants' motion for judgment on the pleadings based on their claims under 12A V.I.C. 185 and V.I.R. Civ. P. R. 12(b)(6).

¶13    In ruling on a motion for judgment on the pleadings, the Court is foreclosed from considering claims and evidence outside what is included in the pleadings.[16] Here, Defendants included in their answer and counterclaim an affirmative defense of failure to comply with 12A V.I.C 185.[17] In the same pleading, Defendants also included an affirmative defense of failure to state a claim upon which relief can be granted pursuant to V.I. R. Civ. P. R. 12(b)(6).[18] Therefore, in considering a motion for judgment on the pleadings, it is proper for the Court to consider dismissal of the Plaintiff's claims under these rules in order to grant the motion for judgment on the pleadings.[19]

### B. Rondon's claims of unfair business practice and conversion are procedurally barred by 12A V.I.C. 185.

¶14    Rondon complied with 12A V.I.C. § 185(a)(1) by filing a complaint with DLCA before appealing his case to the Superior Court. However, Rondon failed to comply with 12 A V.I.C. § 185(b) because he did not file a timely petition for review with the Superior Court. The language of this statute is unambiguous and clearly provides that if a party disagrees with the DLCA Commissioner's decision, the party can file a petition with the Superior Court within 30 calendar days.[20] The DLCA decision was issued on May 18, 2018. Rondon filed his petition with the Superior Court on April 6, 2019, well beyond the 30 calendar days allowed by the statute. Although a statute of limitations defense involves issues of fact, the facts here are clear enough to establish that Rondon filed his petition outside of the statutory period, and this issue can be decided as a matter of law. Based on the facts and the plain language of 12 A V.I.C. § 185(b), Rondon's claims that were decided by DLCA have been exhausted and are procedurally barred by the statute of limitations. Those claims are: (1) unfair business practice, and (2) conversion.

#### 1. Unfair business practice

¶15    The unfair trade practices section of the CPL provides that "no person shall engage in any deceptive or unconscionable trade practice in the sale, lease, rental, or loan or in the offering for

---

[16] *See Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 566 (V.I. 2012).
[17] Defs.' Answer and Countercl., Affirmative Defenses at ¶ 8
[18] Defs.' Answer and Countercl., Affirmative Defenses at ¶ 1
[19] *See Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 566 (V.I. 2012); *see also Bruni v. Alger*, 71 V.I. 71, 77 (V.I. Super. Ct. 2019) (explaining "because Defendants filed a motion for judgment on the pleadings raising the defense of failure to state a claim for gross negligence, the standard applicable to the motion is that for a 12(b)(6) motion").
[20] 12A V.I.C. § 185(b).

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 6 of 15

sale, lease, rental, or loan of any consumer goods or services..."[21] The CPL defines "deceptive trade practice" as any "false, falsely disparaging, or misleading oral or written statement, visual description or other representation...made in connection with the sale, lease, rental, or loan of consumer goods or services."[22] To state such a claim under the CPL, a plaintiff must establish three elements: (1) defendant is a "person" under the CPL; (2) defendant is engaged in a deceptive or unconscionable trade practice; and (3) the deceptive or unconscionable trade practice occurred during the sale, lease, rental or loan of any consumer goods or services.[23]

¶16    Here, the DLCA determined that Defendants did not engage in unfair business practices or deceptive trade practices under the CPL. The DLCA decided that Rondon did not establish the second element of unfair business practice requiring a showing that Defendants engaged in deceptive or unconscionable trade practices. The vehicle Rondon purchased was under warranty pursuant to 12A V.I.C. § 182, which enables the motor vehicle dealer to correct any issues at no cost to the purchaser.[24] All of the issues Rondon experienced with the vehicle were repaired by Defendants as required by law.[25] Because DLCA already litigated this claim, and Rondon failed to timely assert it in a petition to the Superior Court for review, this claim is procedurally barred in this Court by 12 A V.I.C. § 185(b).

## 2. Conversion

¶17    In *Ross v. Hodge*, the Supreme Court of the Virgin Islands defined conversion as "the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."[26] Conversion may be committed by engaging in several types of acts, including barring the possessor's access to a chattel.[27] Here, the possessor, Rondon, alleged that Defendants committed conversion when they "intentionally and substantially interfered with Plaintiff's property by taking possession of the money paid for a defective car."[28] However, the DLCA determined that the car was not defective, and Defendants did not bar Rondon from access to his money. The car was under warranty and had been repaired by Defendants as required by the CPL,

---

[21] 12A V.I.C. § 101.

[22] 12A V.I.C. § 102 (listing examples of deceptive trade practices including representations that goods or services have characteristics or benefits that they do not have).

[23] *See* 12A V.I.C. § 101; *see also Gov't of the United States Virgin Islands v. Takata Corp.*, 67 V.I. 316, 381 (V.I. Super. Ct. 2017) (explaining at footnote 232 that the Supreme Court of the Virgin Islands has not explicitly outlined the elements necessary for stating a claim under the CPL, but other state courts have determined the essential elements of a claim under their consumer protection statutes in this manner).

[24] *See* 12A V.I.C. § 182; *see also* Defs.' Answer and Countercl. Ex. A.

[25] Defs.' Answer and Countercl. Ex. E.

[26] *See Ross v. Hodge*, 58 V.I. 292, 308 (V.I. 2013); *see also* RESTATEMENT (SECOND) OF TORTS § 222A(1) (1965).

[27] *See Ross*, 58 V.I. at 308; *see also* RESTATEMENT (SECOND) OF TORTS § 221(c).

[28] Pl.'s Compl. at ¶ 154.

and accordingly Rondon was not entitled to a refund.[29] Additionally, Defendants did not bar Rondon access to his car as they requested that he pick it up numerous times after it had been repaired.[30] Because the DLCA found that the vehicle was not defective and Defendants did not bar Rondon from access to his money or car, and Rondon did not appeal this determination in a timely Petition, Rondon's claim of conversion in this Court is procedurally barred by 12 A V.I.C. § 185(b).

**C. Rondon's claims of negligence, breach of contract, fraud, negligent or fraudulent misrepresentation, interference with prospective contract, and tortious interference with business relations fail to state a claim upon which relief can be granted.**

¶18    In a notice pleading jurisdiction such as the Virgin Islands, to survive an action for dismissal based on failure to state a claim upon which relief can be granted, a complaint merely needs to provide a legal and factual basis to put defendants on notice of the claims against them.[31] Although this standard is meant to be a more liberal and forgiving approach than a plausibility standard, a complaint will be considered fatally defective if it does not provide a basic legal and factual basis for its alleged claims.[32] Rondon's complaint fails to provide a sufficient legal and factual basis for his claims of negligence, breach of contract, fraud, interference with prospective contract, negligent or fraudulent misrepresentation, and tortious interference with business relations.

### 1. Negligence

¶19    In *Machado v. Yacht Haven U.S.V.I., LLC*, the Supreme Court of the Virgin Islands determined that the "foundational elements of negligence include: (1) a legal duty of care to the plaintiff; (2) a breach of that duty of care by the defendant; (3) constituting the factual and legal cause of (4) damages to the plaintiff."[33] To state a claim for negligence, a plaintiff must allege facts establishing each element.[34]

---

[29] Defs.' Answer and Countercl. Ex. E.

[30] Defs.' Answer and Countercl. Ex. D.

[31] *See Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017) (acknowledging that the Virgin Islands has returned to a notice pleading regime in which a complaint is permitted as long as it "adequately alleges facts that put an accused party on notice of claims brought against it"); *see also Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *4 (V.I. Super. Ct. 2020).

[32] *See Wenhaven, Inc.*, 2020 V.I. LEXIS 87, at *4.

[33] *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (V.I. 2014) (stating that these elements are so widely accepted and fundamental to the practice of law in the Virgin Islands and every other jurisdiction in the United States that using them is the soundest rule for the Virgin Islands).

[34] *See id.* 380 (examining whether the plaintiff submitted sufficient evidence to create a genuine issue of material fact on each element of negligence); *see also Campos v. ABC Concepts, Inc.*, No. ST-15-CV-427, 2016 V.I. LEXIS 229, at *5 (V.I. Super. Ct. Mar. 21, 2016) (citing *Machado*, 61 V.I. at 380).

¶20    Here, Rondon does not provide a legal basis for a claim of negligence and does not sufficiently allege facts to establish the elements of negligence. Regarding a breach of a legal duty of care, Rondon claims that the "Defendants owed a legal duty to the Plaintiff to ensure that the car was in good working condition", and that they failed to carry out that duty by selling the plaintiff a defective car.[35] However, Rondon provides no legal basis for Defendants' duty to ensure that the car was in good working condition. The Bill of Sale, signed by Rondon, states that the car was under warranty that allowed Defendants to make repairs at no cost to Rondon and that he agreed to hold Defendants "harmless from any claims related to the ownership and/or operation of this vehicle from this date on…"[36] Rondon also does not allege facts supporting the assertion that Defendants failed to carry out their duty by selling him a defective car. Rondon refers to a defective sensor and that the car shut down when the windshield wipers were turned on, but he also acknowledges that he returned the car so that Defendants could repair these issues.[37] Additionally, Rondon asserts that the Defendants did not even sell him the car and claims that he did not own the car.[38] Rondon's claim that Defendants breached a legal duty by selling him a defective car contradicts the assertions alleged in his own complaint. Without a sufficient legal or factual basis to support that Defendants breached a legal duty of care, Rondon fails to establish these elements of negligence, and fails to show that they caused him damages.

¶21    Regarding damages, Rondon does not sufficiently allege facts to claim that he suffered damages. Rondon alleges that his "life was put in jeopardy by Defendants' action," and that "Defendants' actions were detrimental" and he "suffered damages," but he does not state any actual harm or injury that could be remedied by a damages award. Since Rondon does not provide a factual basis for this element of negligence, he fails to establish that he suffered damages. Without establishing the elements of negligence, Rondon's claim for negligence fails to state a claim upon which relief can be granted.

## 2. Breach of contract

¶22    In *Philip v. Marsh-Monsanto*, the Supreme Court of the Virgin Islands held that Virgin Islands courts recognize four elements to establish a claim for breach of contract: (1) an agreement;

---

[35] Pl.'s Compl. at ¶¶ 87-90.
[36] Defs.' Answer and Countercl. Ex. A.
[37] Pl.'s Compl. at ¶¶ 36, 51.
[38] Pl.'s Compl. at ¶¶ 64-65.

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 9 of 15

(2) a duty created by that agreement; (3) a breach of that duty; and (4) damages.[39] To state a claim for breach of contract, a plaintiff must allege facts demonstrating each element.[40]

¶23    Rondon does not sufficiently allege a legal or factual basis required to support a claim for a breach of contract. Specifically, Rondon does not establish that Defendants breached a legal duty created by an agreement. Rondon established that an agreement existed between the parties. He claims that the parties entered into an agreement on August 8, 2017, when he paid $13,095.00 to Defendants for the car and transfer of title and registration.[41] In their pleadings, Defendants acknowledge contractual privity with Rondon when they accepted payment for the car on August 8, 2017, after executing a Bill of Sale on July 17, 2017.[42] Rondon alleges that the agreement created a duty for the Defendants to sell him a "car that worked."[43] However, the agreement in the Bill of Sale clearly states that the car was under factory warranty and that Rondon agreed to hold Defendants "harmless from any claims related to the ownership and/or operation of this vehicle..."[44] Under the CPL, the warranty in the agreement provided Defendants with the opportunity to make repairs at no cost to Rondon.[45] Rondon acknowledges that he returned the car to Defendants to make such repairs.[46] While Rondon established the existence of an agreement, he does not allege a legal basis for a duty to "sell a car that worked" created by that agreement, nor does he establish a breach of duty created by that agreement since the Defendants repaired the car as required by the agreement and by law.

¶24    Rondon also does not sufficiently allege damages resulting from the breach of the agreement. Rondon again claims that he "suffered damages" without indicating what those damages were or how they were caused by a breach of Defendants' duty created by their contractual agreement. He simply states that he "suffered damages" without alleging any facts demonstrating an actual harm or injury that could be remedied by a damages award. Since Rondon did not sufficiently allege the elements for a claim for a breach of contract, he has failed to state a claim for breach of contract upon which relief can be granted.

---

[39] *See Philip v. Marsh-Monsanto*, 66 V.I. 612, 620-21 (V.I. 2017) (establishing the soundest path for the Virgin Islands due to the consistency between case law in the Virgin Islands and other jurisdictions); *see also Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 663 (V.I. 2019).
[40] *See Marsh-Monsanto*, 66 V.I. at 621; *see also Commons v. St. John Day Spa & Salon*, No. ST-2015-CV-00407, 2021 V.I. LEXIS 1, at *6-7 (V.I. Super. Ct. Jan 22, 2021).
[41] Pl.'s Compl. at ¶¶ 99, 101-102.
[42] Defs.' Mot. J. on Pleadings 11.
[43] Pl.'s Compl. at ¶ 113.
[44] Defs.' Answer and Countercl. Ex. A.
[45] *See* 12A V.I.C. § 182(d) (providing that "the written warranty shall require the used car dealer, or the dealer's agent, to repair or, at the election of the consumer, reimburse the consumer for the reasonable cost of repairing the failure of a covered part").
[46] Pl.'s Compl. at ¶¶ 36, 51.

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 10 of 15

### 3. Fraud

¶25 Fraud in the Virgin Islands is defined as "a knowing misrepresentation of truth or concealment of a material fact to induce another to act to his or her detriment."[47] In *Merchants Commercial Bank v. Oceanside Village, Inc.*, this Court established that the principle of "fraud" expresses itself as fraudulent misrepresentation and conducted a *Banks* analysis to determine the soundest rule for the Virgin Islands:

> One who makes a representation of fact, opinion, intention, or law that he or she either knew or had reason to know was false, and it was made for the purpose of inducing another to act or refrain from acting on it, is subject to liability to the other for pecuniary loss caused by the other's justifiable reliance on the misrepresentation.[48]

In alleging fraud, the Virgin Islands Rules of Civil Procedure 9(b) states, "a party must state with particularity the circumstances constituting fraud or mistake."[49] Courts have determined that to meet this particularity requirement, a complaint alleging fraud "normally includes the time, place and content of the false misrepresentations, the facts misrepresented, and the nature of the detrimental reliance."[50]

¶26 Rondon does not allege facts showing that Defendants knowingly or intentionally made false representations in order to induce Rondon to act on those representations. In alleging fraud, Rondon asserts that, "Defendants made false statements of material fact that the car was fit to be on the Public Streets of the Virgin Islands," and, "Defendants made misleading statements of material facts as the car was unfit to be on the streets."[51] However, Rondon does not allege which statements were false and misleading about the fitness of the car. The only statement he alleges Defendants made about the fitness of the car is Defendant Justin Workman's statement informing Rondon that the car had been in a minor accident that involved changing some parts of the body.[52] In disclosing the car's accident history, it is not clear how this statement can be interpreted as a false statement about the fitness of the car.

¶27 Rondon also alleges that Defendants "knew or in the exercise of reasonable care should have known of the false statements" and "omission of material facts."[53] Rondon alleges that

---

[47] *Merchant's Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 16 (V.I. Super. Ct. 2015).
[48] *See id.; see also Banco Popular de Puerto Rico v. John H. Panzer et al.*, Case No. ST-2015-CV-00056, 2021 V.I. Super. 65U, at *6 (V.I. Super. Ct. June 23, 2021).
[49] V.I.R. CIV. P. 9(b) (stating that malice, intent, knowledge, and other conditions of a person's mind may be alleged generally).
[50] *See Government of the Virgin Islands v. The ServiceMaster Co., LLC*, 72 V.I. 114, 153 (V.I. Super. Ct. 2019) (quoting *Elster v. Alexander*, 75 F.R.D. 458, 461 (N.D. Ga. 1977).
[51] Pl.'s Compl. at ¶¶ 123-124.
[52] Pl.'s Compl. at ¶ 27.
[53] Pl.'s Compl. at ¶¶ 129-130.

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 11 of 15

"Defendants omitted to state material facts that the car had a defective sensor," and that "Defendants omitted to state material facts that the car would shut down when the windshield wipers were in use."[54] While there are no statements allegedly made by Defendants about a defective sensor or that the car would shut down when the windshield wipers were in use, nothing in Rondon's allegations or other pleadings indicates that Defendants knew about these problems with the car or that they intentionally omitted them in the course of selling the car to Rondon. Rondon alleges that when he experienced these issues, Defendants instructed him to immediately return the car for repairs,[55] indicating that they did not have knowledge of the problems prior to selling the car to Rondon. Rondon's allegations fail to meet the particularity requirement for pleading fraud because he does not sufficiently establish the facts that he alleges were misrepresented. Without stating facts that have been misrepresented, Rondon's claim for fraud fails to state a claim upon which relief can be granted.

### 4. Negligent or fraudulent misrepresentation

¶28 In his complaint, Rondon brings separate claims for fraud and fraudulent representation. Although the Virgin Islands recognizes these claims as having the same elements, plaintiffs are permitted to "set out two or more statements of a claim or defense alternatively or hypothetically, in separate counts or defenses."[56] Rondon's fraudulent misrepresentation claim also alleges negligent misrepresentation. Although he attempts to address both causes of action in one claim, since this Court already determined that Rondon failed to state a claim for fraud, the Court will address this claim as one for negligent misrepresentation.[57]

¶29 As stated above, this Court conducted a *Banks* analysis in *Merchants Commercial Bank v. Oceanside Village, Inc.* to determine the soundest rule for fraudulent misrepresentation in the Virgin Islands.[58] In the same case, this Court also applied a *Banks* analysis to define negligent misrepresentation and determine the soundest rule for the Virgin Islands:

> One who, in the course of his or her business, profession, or employment, or in any other transaction in which he she has a pecuniary interest, supplies false information for the guidance of others, is subject to liability for pecuniary loss caused to those others due to the others' justifiable reliance on the information, but only if he or she failed to exercise reasonable care or competence in obtaining or communicating the information.[59]

---

[54] Pl.'s Compl. at ¶¶ 125-126
[55] Pl.'s Compl. at ¶¶ at 35, 50.
[56] V.I. R. CIV. P. 8(d)(2)
[57] *See Mills-Williams v. Mapp*, 67 V.I. 574, 577 (V.I. 2017) (addressing a claim for misrepresentation when the plaintiff failed to specify whether she was asserting an action for fraudulent or negligent misrepresentation).
[58] *See Merchant's Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 16 (V.I. Super. Ct. 2015).
[59] *Id.* at 28.

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 12 of 15

In *Mills-Williams v. Mapp*, the Supreme Court of the Virgin Islands clarified that the elements of fraudulent misrepresentation and negligent representation differ, but to state a claim for either cause of action, a plaintiff must allege that a fact was misrepresented, and that the plaintiff relied on that misrepresentation to her detriment.[60] Claiming general assertions of superiority instead of factual misrepresentations is considered non-actionable puffery and cannot be the basis of any misrepresentation claim.[61] For negligent misrepresentation, an *express* representation which is false or misleading at the time it was made is required.[62]

¶30    Here, Rondon has failed to allege facts to support a claim for negligent misrepresentation. To establish a sufficient legal and factual basis for negligent misrepresentation, Rondon must allege that a fact was expressly misrepresented by Defendants and that he relied on that misrepresentation to his detriment. He also must allege that Defendants failed to exercise reasonable care in communicating the misrepresentation. Instead, Rondon generalizes that Defendants made false and misleading misrepresentations about selling him a car that worked that were intended to defraud and deceive him.[63] He does not allege what facts Defendants misrepresented to him, and he does not allege or demonstrate that they failed to exercise reasonable care in communicating with him. None of the facts asserted in his complaint refer to any express misrepresentation about the quality and fitness of the car. He also does not indicate that he suffered any loss, pecuniary or otherwise, besides generally asserting that he "detrimentally relied" on Defendants' representations.[64] Without sufficiently establishing what was misrepresented to him and how he relied on it to his detriment, and that Defendants failed to exercise reasonable care, Rondon fails to state a claim for negligent misrepresentation upon which relief can be granted.

### 5. Interference with prospective contract

¶31    To establish an interference with prospective contract claim, this Court has determined that a party must show "an interference with an existing contract or a contract with is certain to be consummated."[65] In *Donastorg v. Daily News Publishing Co., Inc.*, this Court conducted a *Banks* analysis to determine that this jurisdiction recognizes distinct claims for intentional interference with <u>existing</u> contractual relations and intentional interference with <u>prospective</u> business

---

[60] *See Mapp*, 67 V.I. at 587.

[61] *See id.* at 587-88.

[62] *Chestnut v. Goodman*, 59 V.I. 467, 475-76 (V.I. 2013) (quoting *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 568 (D.V.I. 2004).

[63] Pl.'s Compl. at ¶¶ 144-147

[64] Pl.'s Compl. at 151.

[65] *Forever Flowers Grande v. Yacht Haven Grande*, No. ST-09-CV-339, 2010 V.I. LEXIS 207, at *8 (V.I. Super. Ct. Sept. 8, 2010) (quoting *Dupree v. United States*, 264 F.3d 140, 144 (3d. Cir. 1959).

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 13 of 15

relations.[66] To prevail on a claim for interference with prospective business relations or contracts, this Court determined that a plaintiff in the Virgin Islands must demonstrate:

> (1) the existence of a professional or business relation that is reasonably certain to produce an economic benefit for the plaintiff; (2) intentional interference with that relationship by the defendant; (3) that was accomplished through improper means or for an improper purpose; and (4) that the defendant's interference damaged the plaintiff.[67]

Here, Rondon has not sufficiently pled facts establishing the elements for interference with prospective contracts. He has not alleged facts showing the existence of a professional or business relation with any specific third party. Rondon has not alleged facts showing any existing contracts or that any contracts would arise with reasonable certainty. He merely generalizes that there was a reasonable probability that he would have entered into a prospective relationship with numerous business owners and that he would have entered into contracts with numerous public officials, and Defendants prevented the relationships from occurring.[68] Other than simply asserting that Defendants prevented the prospective professional relationships from occurring, Rondon does not allege that Defendants had any knowledge of these relationships nor does he show that they engaged in any improper conduct that would have interfered with such relationships. Therefore, Rondon's claim for interference with prospective contract fails to state a claim upon which relief can be granted.

### 6. Tortious interference with business relations

¶32    As discussed above, this Court conducted a *Banks* analysis in *Donastorg v. Daily News Publishing Co., Inc.* to distinguish between interference with existing contractual relations and interference with prospective business relations. The Court determined the soundest rule for the Virgin Islands for intentional interference with existing contractual relations:

> To prevail on a claim for intentional interference with existing contractual relations, a plaintiff must prove: (1) the existence of a contract between the plaintiff and a third party; (2) that defendant knew of that contract; (3) that the defendant interfered with the contract using improper means or with an improper motive; and (4) that the plaintiff was damaged as a result.[69]

Prior to *Donastorg*, this Court declared in *Forever Flowers Grande v. Yacht Haven Grande* that the requirements for tortious interference with business relations include the same elements as

---

[66] *Donastorg v. Daily News Publishing Co., Inc.*, 63. V.I. 196, 281 (V.I. Super. Ct. 2015) (emphasis added).
[67] *Id.* at 293.
[68] Pl.'s Compl. at ¶¶ 137-139.
[69] *Donastorg*, 63 V.I. at 288.

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 14 of 15

intentional interference with existing contractual relations.[70] The failure to allege the existence of a contract with which defendants have intentionally interfered is fatal to a claim of tortious interference with business relations.[71]

¶30    Here, Rondon does not allege the existence of a contract with which defendants have intentionally interfered. He asserts that he has "economic relationships" with residents of St. Thomas and business owners on Main Street in St. Thomas, but offers no facts indicating that he has actual contracts with specific residents and business owners.[72] Rondon does not allege any facts indicating that Defendants knew of any contracts or business relationships between himself and third parties, other than generally stating that Defendants "know of the relationship."[73] Rondon also alleges that "the acts of the Defendant were designed to disrupt Plaintiff's relationship,"[74] but does not say what relationship and does not offer any facts that Defendants improperly interfered with any contracts or business relationships. Since the failure to allege the existence of a contract is fatal to a claim of tortious interference with business relations, and Rondon has not shown that Defendants knew about or intentionally interfered with any of Rondon's contracts or business relationships, Rondon's claim fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

¶33    Defendants have filed a Motion for Judgment on the pleadings asking the Court to grant judgment in their favor as a matter of law. Defendants assert that Plaintiff's claims should be dismissed for failure to comply with the statute of limitations under 12A V.I.C. 185 and for failure to state a claim upon which relief can be granted. Having reviewed the pleadings, motions and oral arguments from both parties and finding no genuine issues of material fact to resolve, this Court grants the Defendants' Motion for Judgment on the Pleadings.

¶34    Plaintiff's claims of unfair business practice and conversion have been fully litigated at the administrative level by the Department of Licensing and Consumer Affairs ("DLCA"). The DLCA allowed Rondon to appeal its decision to this Court, but Rondon failed to file a timely petition

---

[70] *See Forever Flowers Grande*, 2010 V.I. LEXIS 207, at *9-10 (requiring a plaintiff to prove: (1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship).

[71] *See id.* at 11 (dismissing a plaintiff's claim for tortious interference with business relations because the plaintiff did not provide evidence of a contractual relationship with a third party or shown any examples of the defendants' wrongful intent); *see also Donastorg*, 63 V.I. at 286 (determining that "a plaintiff must demonstrate the existence of a specific contract").

[72] Pl.'s Compl. at ¶¶ 161-162.

[73] Pl.'s Compl. at ¶ 165.

[74] Pl.'s Compl. at ¶ 168.

*Kirk Rondon v. Caribbean Leasing & Eco Transportation Inc., et al.*
Case No. ST-2019-CV-00302
Memorandum Opinion and Order
Page 15 of 15

within 30 days as proscribed by 12A V.I.C. 185(b). The claims are therefore dismissed as procedurally barred by the statute of limitations.

¶35    Plaintiff's claims of negligence, breach of contract, fraud, fraudulent or negligent misrepresentation, interference with prospective contract, and tortious interference with business relations fail to state a claim upon which relief can be granted. In a notice pleading jurisdiction such as the Virgin Islands, a complaint is insufficient if it fails to allege a legal and factual basis supporting its claims. In his claims for negligence and breach of contract, Rondon failed to allege facts to establish the elements for each claim. In his claims for fraud and fraudulent or negligent misrepresentation, Rondon failed to allege what facts were misrepresented to him. In his claims for interference with prospective contract and tortious interference of business relations, Rondon failed to allege facts supporting the existence of any current contracts or contracts that would arise with reasonable certainty. The failure to put forth these facts is fatal to Rondon's complaint, and these claims are therefore dismissed for failure to state a claim upon which relief can be granted pursuant to V.I. R. Civ. P. 12(b)(6).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Judgment on the Pleadings, filed June 19, 2020, is **GRANTED**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

Dated: July 8, 2021

_____
**HON. SIGRID M. TEJO**
**JUDGE OF THE SUPERIOR COURT**
**OF THE VIRGIN ISLANDS**

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

By: _____
Latoya Camacho
Court Clerk Supervisor  7/9/2021