IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 04, 2022 10:19 AM
ST-2018-CV-00468
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DISTRICT OF ST. THOMAS AND ST. JOHN
********

| | | |
|---|---|---|
| VINCENT NGUYEN and THUYE LE NGUYEN | ) ) ) | CASE NO. ST-18-CV-468 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | ACTION FOR DAMAGES, BREACH OF CONTRACT, SPECIFIC PERFORMANCE, |
| HEIN NGUYEN and QUANG NGUYEN and OPTIONS DAY SPA, LLC | ) ) ) ) | BAD FAITH, CONVERSION RESTITUITION |
| Defendants. | ) ) | |

2022 VI Super 1U

## MEMORANDUM OPINION AND ORDER

¶1 THIS MATTER is before the court on the following:

1. Plaintiffs' First Amended Complaint, filed December 3, 2018;

2. Defendants' Motion to Dismiss the First Amended Complaint Against Defendants Hien Nguyen and Options Day Spa, LLC, filed March 29, 2019;

3. Defendants' Motion to Dismiss the First Amended Complaint Against Defendant Quang Nguyen, filed March 29, 2019;

4. Plaintiffs' Opposition to Defendant Hien Nguyen and Option Day Spa's Motion to Dismiss the First Amended Complaint, filed April 26, 2019;

5. Plaintiffs' Opposition to Defendant Quang Nguyen's Motion to Dismiss the First Amended Complaint, filed April 26, 2019;

6. Defendants' Reply in Support of Motion to Dismiss the First Amended Complaint Against Defendants Hien Nguyen and Options Day Spa, LLC, filed May 9, 2019; and

7. Defendants' Reply in Support of Motion to Dismiss the First Amended Complaint Against Defendant Quang Nguyen, filed May 9, 2019.

This matter came before the Court on June 30, 2021, for a status conference. Attorney Nicole King appeared on behalf of the Plaintiffs. Neither of the Defendants nor Defendants' counsel

**2022 VI Super 1U**

appeared.[1] Plaintiffs' counsel informed the Court that Plaintiffs still intend to move forward with the case and requested that the Court rule on the Defendants' pending motions to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶2 Defendants Hien Nguyen (hereinafter "Hein") and Quang Nguyen (hereinafter "Quang") are a mother and son, respectively, who purportedly own a business known as Options Day Spa, LLC (hereinafter "Options") located in St. Thomas.[2] Plaintiffs, husband Vincent Nguyen (hereinafter "Vincent") and wife Thuye Nguyen (hereinafter "Thuye"), allege that in December 2014, Defendants approached them and offered to sell a sixty (60) percent interest in Options in exchange for $150,000 to be paid in installments.[3] The parties allegedly agreed that once $85,000 of the purchase price had been paid, Plaintiffs would take control of Options.[4] In February of 2015, Plaintiffs paid a $5,000 deposit towards the purchase.[5] On June 1, 2015, Plaintiffs wired an additional $80,000 from Vietnam, and the funds were disbursed to Defendants by Manager's Bank checks on June 5, 2015.[6] Around this time, Defendants took Vincent to Banco Popular and added him as a signatory on the business account for Options.[7] Per the alleged agreement between the parties, Vincent was to become the sole signatory of the business account and Defendants were to be removed as persons authorized to sign checks on behalf of the business.[8] Apparently, this did not occur, because Defendants names were not removed from the account.[9]

¶3 On or about June 5, 2015, Plaintiffs began operating Options and depositing both personal funds and company proceeds in the Options business account.[10] Subsequently, during the course of operating the business and reviewing the checkbook, Plaintiffs noticed checks from the business account checkbook were missing.[11] Defendants claimed they used the checks to pay small bills owed to the business's vendors.[12] Defendants also allegedly stated that they did not transfer the leases on the business premises to Plaintiffs because they did not have time before traveling to Vietnam and that the lease transfer would be dealt with upon their return.[13] Following the receipt of $85,000 from Plaintiffs on June 5, 2015, Defendants left the Virgin Islands for Vietnam.[14] By late July 2015, Plaintiffs learned that the Options business account

---

[1] On July 15, 2019, the Court allowed counsel for Defendants to withdraw for failure to fulfill their financial responsibilities and ordered that Defendants have new counsel enter an appearance by August 16, 2019, failing which the Court will deem Defendants to be appearing *pro se*. On August 18, 2019, having received no entry of appearance from Defendants' new counsel, the Court ordered Defendants deemed to be appearing *pro se*.

[2] Pls.' First Am. Compl. ¶ 3.

[3] Pls.' First Am. Compl. ¶¶ 2, 5-6.

[4] Pls.' First Am. Compl. ¶ 8.

[5] Pls.' First Am. Compl. ¶ 7.

[6] Pls.' First Am. Compl. ¶ 11 (the Court notes that the First Amended Complaint lists the date that the funds were disbursed as June 5, 2016, which appears to be an error).

[7] Pls.' First Am. Compl. ¶ 12.

[8] Pls.' First Am. Compl. ¶ 10.

[9] Pls.' First Am. Compl. ¶ 13.

[10] Pls.' First Am. Compl. ¶ 14.

[11] Pls.' First Am. Compl. ¶ 15.

[12] Pls.' First Am. Compl. ¶ 16.

[13] Pls.' First Am. Compl. ¶¶ 17-18.

[14] Pls.' First Am. Compl. ¶ 19.

**2022 VI Super 1U**

was at a $24,000 deficit.[15] Plaintiffs allege Defendants surreptitiously withdrew two checks for $12,000 each in June 2015 and July 2015.[16] They also claim that that a total of fourteen checks were missing from the Options checking account.[17] Plaintiffs contend that Defendants admitted to taking this sum of money and promised not to write further checks and that Plaintiffs would be credited with the amounts taken against the balance of the purchase price.[18] By August 2015, Plaintiffs paid $109,000 and notified Defendants that they were prepared to pay the remaining $41,000 to complete the purchase.[19]

¶4      On or before September 22, 2015, Defendants returned to the Virgin Islands from Vietnam to meet with Plaintiffs.[20] Defendants brought Virgin Islands Police Officer, Patrick Smith, to the meeting on September 22, 2015, and demanded an increased price of $175,000 for Plaintiffs to continue operating Options.[21] Officer Smith was asked to remove the keys to the business from Vincent's possession and return them to Defendants.[22] Plaintiffs felt they had no choice but to comply and agreed to the increased price, but they insisted that all terms of sale be reduced to writing and that a lawyer be involved in the transfer of sales documents.[23] Defendants initially agreed to these terms, but they added the condition of prompt payment of the difference between the $109,000 already paid and the new purchase price of $175,000.[24] Between October 2015 and December 2016, Plaintiffs repeatedly requested a written sale agreement before providing the remaining compensation.[25] However, Defendants continued to demand payment of the remaining $66,000 before drafting a contract.[26] In February or March of 2017, Plaintiffs insisted the return of the monies paid or completion of the sale.[27] Defendants did not want to return the $109,000 that had already changed hands, and they did not want to complete the sale transaction until Plaintiffs paid the $66,000 balance.[28] Plaintiffs allege that Defendants breached their contract with Plaintiffs and are seeking incidental and consequential damages.[29]

¶5      Plaintiffs, through their attorney Robert L. King, Esq., filed a complaint on September 5, 2018, alleging breach of contract, bad faith, and conversion, and seeking remedies of damages, specific performance, and restitution. A twenty-one-day summons was issued to each of the three Defendants on September 18, 2018. On November 5, 2018, Attorney Gaylin Vogel, Esq. filed a Notice of Appearance on behalf of Hein and Options as well as a Motion to Dismiss the Complaint. The Motion to Dismiss argued that Plaintiffs' complaint failed to state a claim upon which relief can be granted, service of process was insufficient, and the statute of

---

[15] Pls.' First Am. Compl. ¶¶ 20, 22.
[16] Pls.' First Am. Compl. ¶ 20.
[17] Pls.' First Am. Compl. ¶ 21.
[18] Pls.' First Am. Compl. ¶ 23.
[19] Pls.' First Am. Compl. ¶¶ 25-26.
[20] Pls.' First Am. Compl. ¶ 27.
[21] Pls.' First Am. Compl. ¶¶ 28-29.
[22] Pls.' First Am. Compl. ¶ 30.
[23] Pls.' First Am. Compl. ¶ 32.
[24] Pls.' First Am. Compl. ¶ 33.
[25] Pls.' First Am. Compl. ¶ 34.
[26] Pls.' First Am. Compl. ¶ 35.
[27] Pls.' First Am. Compl. ¶ 36.
[28] Pls.' First Am. Compl. ¶ 37-38.
[29] Pls.' First Am. Compl. ¶ 39.

**2022 VI Super 1U**

limitations bars Plaintiffs' tort claims. On November 28, 2018, Plaintiffs filed a Motion for Service by Publication upon Hein, Quang, and Options with a supporting Memorandum and Affidavits from Attorney King and process server Kerry Rhymer (hereinafter "Rhymer"). Rhymer's Affidavit states that copies of the summons were served upon Ngo Quijen, the manager of Options Day Spa, on October 13, 2018.[30] The following day, Rhymer returned to Options Day Spa and spoke with family members of the Defendants who stated they did not know the Defendants' current whereabouts, but they knew they were not on island.[31] Rhymer also attempted to serve Defendants at their place of residence but found the home boarded up shut.[32] King's Affidavit states that Defendants were either willfully avoiding service or simply could not be located.[33] On November 29, 2018, the Honorable Judge Michael C. Dunston ordered service by publication for Defendant Quang only because Hein and Options had already filed a Motion to Dismiss the Complaint.[34]

¶6    On December 3, 2018, Plaintiffs filed an Opposition to Defendant Hein Nguyen's and Option Day Spa's Motion to Dismiss the Complaint as well as a Motion to Amend the Complaint. Plaintiffs also filed an amended Motion for Service by Publication as to Defendant Quang on December 4, 2018. Defendants filed a Reply in Support of the Motion to Dismiss the Complaint on December 12, 2018, and a Response to the Motion to Amend the Complaint on December 20, 2018. The Court granted Plaintiffs' Motion for Service by Publication on December 11, 2018, and Plaintiffs' Motion to Amend the Complaint on January 18, 2019. As per the Court's Order, the notice of publication was distributed in the Virgin Islands Source on a continuous daily basis from January 4 to January 25, 2019.[35]

¶7    On March 27, 2019, after receiving no response from Defendant Quang to the notice of service in the Virgin Islands Source, Plaintiffs filed a Request for Entry of Default and a Motion for Default Judgment and Hearing against Quang. On March 29, 2019, Quang filed a Motion to Dismiss the First Amended Complaint as well as an Opposition to Plaintiffs' Motion for Entry of Default and Default Judgment Against Quang Nguyen. Defendants Hein and Options also filed a Motion to Dismiss the First Amended Complaint on March 29, 2019. The Court denied Plaintiffs' Request for Entry of Default and Motion for Default Judgment and Hearing on April 5, 2019. On April 26, 2019, Plaintiffs filed an Opposition to Defendant Hien Nguyen's and Option Day Spa's Motion to Dismiss the First Amended Complaint and an Opposition to Defendant Quang Nguyen's Motion to Dismiss the First Amended Complaint. Defendants filed replies in support of their motions to dismiss on May 9, 2019. On July 9, 2019, Defendants' counsel, Attorney Vogel, moved to withdraw as counsel due to lack of payment. The Court granted Attorney Vogel's Motion to Withdraw on July 15, 2019. On August 18, 2019, having received no entry of appearance from Defendants' new counsel, the Court ordered Defendants deemed to be appearing *pro se*. The matter came before the Court for a Status Conference on June 30, 2019. Plaintiffs' counsel, Attorney Nicole Lynn King, Esq., appeared via Zoom, and

---

[30] Rhymer Aff. 1.

[31] Rhymer Aff. 1.

[32] Rhymer Aff. 2.

[33] King Aff. 1.

[34] The Court issued a subsequent Order on December 11, 2018, directing Plaintiffs to publish the summons for service on Defendant Quang Nguyen in a local newspaper of general circulation in St. Thomas, Virgin Islands, once per week for four consecutive weeks and file proof thereof by February 18, 2019.

[35] Halliday Aff. ¶ 3.

**2022 VI Super 1U**

Defendants did not appear. Attorney King advised that Defendants have been ducking service and requested that the Court rule on the motions pending before the Court.

## II. LEGAL STANDARD

### A. Motion to Dismiss

#### 1. Failure to State a Claim

¶8     Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure allows a party to move for dismissal of a complaint based on a "failure to state a claim upon which relief can be granted."[36] A motion to dismiss for failure to state a claim tests the sufficiency of the complaint and does not ask the court to address the merits.[37] The Virgin Islands is a notice pleading jurisdiction which means that "a complaint is sufficient so long as it adequately alleges facts that put an accused party on notice of claims brought against it."[38] In such jurisdictions, this standard seeks to "avoid dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief."[39] Since the purpose of a motion to dismiss at this stage is to test the sufficiency of a complaint and not the truth of the facts alleged, the plaintiff, as required by V.I.R. Civ. P. 8, need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief..."[40] To survive a motion to dismiss, a claim "merely needs to provide a basic legal and factual basis for his claim to put a defendant on fair notice of the claims brought against him."[41]

#### 2. Statute of Limitations

##### i. Breach of Contract

¶9     The statute of limitations is an affirmative defense that is subject to waiver if not timely asserted.[42] Under 5 V.I.C. § 31(a)(3)(A), the statute of limitations is set at six years for an action upon a contract or liability, express or implied.[43] This Court has held that the discovery

---

[36] V.I.R. Civ. P. 12(b)(6); *see also Arellano v. Rich*, 70 V.I. 696, 709-10 (V.I. Super. Ct. 2019).

[37] *Oliver v. Terminex International Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. 2020).

[38] *See* V.I.R. Civ. P. 8; *see also Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017) (quoting *Brathwaite v. H.D.V.I. Holding Co.*, No. ST-16-CV-764, 2017 V.I. LEXIS 76, at *3 (V.I. Super. Ct. May 24, 2017)) (clarifying that the Virgin Islands has abolished the 3-part *Twombly* plausibility standard established by the United States Supreme Court).

[39] *Basic Services. Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 659 (V.I. 2019) (quoting *Mapp*, 67 V.I. at 585).

[40] V.I.R. Civ. P. 8(a) (providing that a claim for relief must also contain a "short and plain statement of the grounds for the court's jurisdiction" and a "demand for the relief sought").

[41] *Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *17 (V.I. Super. Ct. 2020) (stating that pleadings "must be fatally defective before they may be rejected as insufficient").

[42] *See Alexander v. Wilson*, 73 V.I. 528, 536 (V.I. 2020) (citing *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 538 (V.I. 2020)).

[43] 5 V.I.C. § 31(a)(3)(A) (excepting actions upon contracts mentioned in § 31(a)(1)(C), which includes an action upon a sealed instrument); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 231 (V.I. 2013) (declaring that a plaintiff's contract claim has a six-year statute of limitations); *see also Burton v. First Bank of Puerto*

**2022 VI Super 1U**

rule applies to contract claims,[44] so the analysis to determine whether a breach of contract claim is barred by the statute of limitations depends on the date of the essential event that gives rise to the claim.[45]

### ii. Fraud and Fraudulent Misrepresentation

¶10    Regarding tort claims, 5 V.I.C. § 31(a)(5)(A) provides a period of two years to commence an action for claims including "libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not yet arising on contract and not herein especially enumerated..."[46] A tort is a violation of a duty imposed by law independent of a contract.[47] In the Virgin Islands, a claim for fraud is a tort claim subject to a two-year statute of limitations,[48] as is a claim for fraudulent misrepresentation.[49] As per the rules under 5 V.I.C. § 32, these claims shall be deemed to commence only upon the discovery of the fraud or mistake.[50]

### iii. Conversion

¶11    Section § 31(a)(3)(D) of title 5 provides a six-year statute of limitations for conversion, or "an action for taking, detaining, or injuring personal property..."[51] Although conversion is defined as a tort at common law, it is uncontested that conversion in the Virgin Islands is subject to a six year statute of limitations.[52] In considering whether a conversion claim is barred by the statute of limitations, the Court looks to the date that the plaintiff knew or should have known of the defendant's alleged conduct that gives rise to the claim.[53]

### 3. Insufficient Process and Insufficient Service of Process

¶12    Service of process is a prerequisite to the Superior Court of the Virgin Islands obtaining personal jurisdiction over a defendant, but a general appearance in a case is a waiver of process.[54] The Virgin Islands Supreme Court has said "proof of service demands proof of legal

---

*Rico*, 49 V.I. 16, 21 (V.I. Super. Ct. 2007) (providing that the six-year statute of limitations on a claim for breach of contract often presents a question of fact).

[44] *See Hess Oil Virgin Islands Corp. v. Fluor Daniel*, 72 V.I. 676, 713 (V.I. Super. Ct. 2020) (noting that other jurisdictions recognize that contract claims do not accrue until there is a refusal to pay).

[45] *See id.; see also Burton*, 49 V.I. at 20-21.

[46] 5 V.I.C. § 31(a)(5)(A) (nothing a two-year statute of limitations for setting aside the sale of real property for non-payment of real property taxes).

[47] *Jensen v. Virgin Islands Water & Power Authority*, 52 V.I. 435, 440 (V.I. 2009).

[48] *Martin v. Martin*, 54 V.I. 379, 390 (V.I. 2010).

[49] *Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 140 (V.I. Super. Ct. 2017); *see generally Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 16-22 (V.I. Super. Ct. 2015).

[50] 5 V.I.C. § 32.

[51] 5 V.I.C. § 31(a)(3)(D).

[52] *See Chase Manhattan Bank, N.A. v. Power Prods.*, 27 V.I. 126, 133 (V.I. Terr. Ct. 1992); *see also United Corp. v. Hamed*, No. ST-13-CV-101, 2014 V.I. LEXIS 132, at *10 (V.I. Super. Ct. Sept. 2, 2014).

[53] *See Hamed*, 2014 V.I. LEXIS 132, at *11.

[54] *Victor v. Hess Oil Virgin Islands Corp.*, 69 V.I. 484, 493 (V.I. Super. Ct. 2018) (citing *Ross v. Hodge*, 58 V.I. 292, 311 n.22 (V.I. 2013)) (quoting *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566, 580 n.4 (V.I. 2012)).

**2022 VI Super 1U**

notice to the defendant or his voluntary appearance in the action."[55] Rule 4 of the Virgin Islands Civil Procedure governs the procedures concerning service of process[56] as well as the requirements for the form and contents of a summons.[57] Rule 4(e) provides the allowable methods for serving an individual within the Virgin Islands while Rule 4(h) addresses serving a corporation, partnership, or association. Service on an individual in the Virgin Islands may be completed by personal delivery, by leaving copies of the summons and complaint at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by delivering copies of the summons and complaint to an authorized agent.[58] Service on a corporation, partnership, or association may be completed in the same manner prescribed by Rule 4(e) for serving an individual, or by delivering a copy of the summons and complaint to an officer, managing or general agent of the business.[59]

¶13     Under Rule 12(b)(5), a party may move for dismissal based on "insufficient service of process," which attacks the service of the summons and complaint.[60] When a party raises a defense of insufficient service, the burden shifts to the plaintiff to prove that service was proper.[61] If service of process is insufficient, courts generally give a plaintiff the opportunity to re-serve the defendant, provided that service is not futile.[62] Rule 12(b)(4) allows for a party to move for dismissal of a complaint for "insufficient process."[63] A motion for insufficient process allows a defendant to attack the substance and form of a summons.[64] A party moving to dismiss on grounds of insufficient process or insufficient service of process must raise the defense in its first responsive pleading or else the defense will be waived and the Court can obtain personal jurisdiction over the defendant.[65]

---

[55] *Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 730 (V.I. 2018) (noting that "an affidavit is competent evidence to establish service, i.e., legal notice, and the filing of an affidavit asserting facts establishing compliance with the relevant rule of service is prima facie evidence giving rise to a rebuttable presumption of valid service providing legal notice").

[56] V.I. R. Civ. P. 4(e), (e), (h).

[57] V.I. R. Civ. P. 4(a) (requiring that a summons in the name of the Superior Court of the Virgin Islands must: (1) name the court and the parties; (2) be directed to the defendant; (3) state the name and address of the plaintiff's attorney or – if self-represented – of the plaintiff; (4) state the time within which the defendant must appear and defend; (5) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (6) be signed by the clerk; and (7) bear the court's seal).

[58] V.I. R. Civ. P. 4(e) (providing that service may also be completed in another manner approved by the Court upon a showing that the plaintiff exercised due diligence in attempting to complete service as proscribed by the Rules, but specific circumstances made these efforts ineffectual).

[59] V.I. R. Civ. P. 4(h).

[60] V.I. R. Civ. P. 12(b)(5).

[61] *See Victor v. Hess Oil Virgin Islands Corp.*, 69 V.I. 484, 493 (V.I. Super. Ct. 2018).

[62] *Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018).

[63] V.I. R. Civ. P. 12(b)(4).

[64] *Foster v. V.I. Bureau of Internal Revenue*, No. 2013-0089, 2015 U.S. Dist. LEXIS 41207, at *11 (D.V.I. Mar. 31, 2015) (applying the analogous Federal Rule of Civil Procedure 12(b)(4) regarding insufficient process).

[65] *See Hurtault v. Hess Oil Virgin Islands Corp.*, 69 V.I. 451, 456 (V.I. Super. Ct. 2018).

2022 VI Super 1U

### III. ANALYSIS

#### A. The Defendants' Motions to Dismiss are granted in part and denied in part.

##### 1. Plaintiffs have successfully stated claims for Breach of Contract, Fraud and Fraudulent Misrepresentation and Conversion upon which relief can be granted.

¶14    As a notice pleading jurisdiction, the Virgin Islands requires that a complaint only need include a short, plain statement of the claim demonstrating that the pleader is entitled to relief.[66] The pleader must include a factual and legal basis for the claim that puts defendants on notice of the claims brought against them.[67] Here, the Plaintiffs' first amended complaint satisfies the requirements to survive a motion to dismiss for failure to state a claim upon which relief can be granted. The Plaintiffs' have made a plain statement of their claims for breach of contract, fraud and fraudulent misrepresentation, and conversion showing that they could be plausibly entitled to relief.

###### i. Breach of Contract

¶15    The Supreme Court of the Virgin Islands requires a plaintiff to demonstrate four elements to establish a claim for breach of contract: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages.[68] To successfully state a claim for breach of contract, a plaintiff must allege facts supporting each element.[69] Here, the Plaintiffs have sufficiently alleged a breach of contract claim. Plaintiffs allege facts demonstrating that they had an agreement with the Defendants to purchase a 60% interest in the Defendants' business, Options Day Spa, in exchange for a sum of $150,000.[70] They allege that this agreement created a duty for Defendants to relinquish control of Options once $85,000 of the purchase price was paid.[71] They allege Defendants breached this duty by failing to complete the sale of Options and relinquish control of the business to Plaintiffs.[72] Finally, Plaintiffs allege that they suffered damages by paying $109,000 to Defendants towards the purchase of Options, but Defendants will not complete the transaction nor return any money to the Plaintiffs.[73] With these allegations, the Plaintiffs have successfully stated a claim for breach of contract upon which relief can be granted.

---

[66] V.I. R. Civ. P. 8.

[67] *Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *5 (V.I. Super. Ct. 2020).

[68] *See Philip v. Marsh-Monsanto*, 66 V.I. 612, 620-21 (V.I. 2017) (establishing the soundest path for the Virgin Islands due to the consistency between case law in the Virgin Islands and other jurisdictions); *see also Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 663 (V.I. 2019).

[69] *See Marsh-Monsanto*, 66 V.I. at 621; *see also Commons v. St. John Day Spa & Salon*, No. ST-2015-CV-00407, 2021 V.I. LEXIS 1, at *6-7 (V.I. Super. Ct. Jan 22, 2021).

[70] Pls.' First Am. Compl. ¶ 5-8.

[71] Pls.' First Am. Compl. ¶ 8.

[72] Pls.' First Am. Compl. ¶ 28, 36-39.

[73] Pls.' First Am. Compl. ¶ 38-39.

2022 VI Super 1U

#### ii. Fraud and Fraudulent Misrepresentation

¶16   In the Virgin Islands, fraud is defined as "a knowing misrepresentation of truth or concealment of a material fact to induce another to act to his or her detriment."[74] This Court has established that the principle of "fraud" expresses itself as fraudulent misrepresentation and conducted a *Banks* analysis to determine the soundest rule for the Virgin Islands:

> One who makes a representation of fact, opinion, intention, or law that he or she either knew or had reason to know was false, and it was made for the purpose of inducing another to act or refrain from acting on it, is subject to liability to the other for pecuniary loss caused by the other's justifiable reliance on the misrepresentation.[75]

In alleging fraud, the Virgin Islands Rules of Civil Procedure 9(b) states, "a party must state with particularity the circumstances constituting fraud or mistake."[76] Courts have determined that to meet this particularity requirement, a complaint alleging fraud "normally includes the time, place and content of the false misrepresentations, the facts misrepresented, and the nature of the detrimental reliance."[77] Similarly, to properly state a claim for fraudulent misrepresentation, a plaintiff must allege that a fact was misrepresented, and that the plaintiff relied on that misrepresentation to her detriment.[78]

¶17   Here, the Plaintiffs have sufficiently stated claims for fraud and fraudulent misrepresentation. They provide a timeline of events and communications with the Defendants concerning the alleged false misrepresentation with sufficient particularity.[79] They allege Defendants misrepresented the fact that they would sell Options to Plaintiffs and relinquish control of the business for a price of $150,000 in order to obtain money from the Plaintiffs.[80] They allege that they relied on this misrepresentation to their detriment by paying Defendants $109,000 towards the purchase price of Options and never completing the transaction or being given control of the business.[81] These alleged facts provided by the Plaintiffs are enough to state a claim for both fraud and fraudulent misrepresentation.

#### iii. Conversion

¶18   The Supreme Court of the Virgin Islands has defined conversion as "the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the

---

[74] *Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 16 (V.I. Super. Ct. 2015).

[75] *See id.; see also Banco Popular de Puerto Rico v. John H. Panzer et al.*, No. ST-2015-CV-00056, 2021 V.I. Super. 65U, at *6 (V.I. Super. Ct. June 23, 2021) (finding that the elements of fraudulent misrepresentation are largely the same as the elements of fraud).

[76] V.I.R. Civ. P. 9(b) (stating that malice, intent, knowledge, and other conditions of a person's mind may be alleged generally).

[77] *See Government of the Virgin Islands v. The ServiceMaster Co., LLC*, 72 V.I. 114, 153 (V.I. Super. Ct. 2019) (quoting *Elster v. Alexander*, 75 F.R.D. 458, 461 (N.D. Ga. 1977)).

[78] *See Mills-Williams v. Mapp*, 67 V.I. 574, 587 (V.I. 2017).

[79] Pl.'s First Am. Compl. ¶ 40-42.

[80] Pl.'s First Am. Compl. ¶ 41.

[81] Pl.'s First Am. Compl. ¶ 38.

chattel."[82] Barring a possessor's access to property is considered conversion.[83] In order to state a claim for conversion, a party must allege it is entitled to immediate possession of the property at the time of conversion.[84] Here, Plaintiffs have alleged that the conversion took place in February or March of 2017 when the Defendants refused to either complete the sale of the business or return the money Plaintiffs had already paid. Plaintiffs allege that at that time, Defendants barred Plaintiffs' access to their money by not returning it when they refused to complete the sale of the business. By alleging that they were barred access to money that they were entitled to at the time, Plaintiffs have sufficiently stated a claim for conversion upon which relief can be granted.

> 2. **The Statute of Limitations does not bar Plaintiffs' claims for Breach of Contract and Conversion, and the claim for Fraud and Fraudulent Misrepresentation does not remain viable.**

### i. Breach of Contract

¶19    The Virgin Islands Code provides a six year statute of limitations to commence a claim for breach of contract.[85] To decide whether a breach of contract claim is barred by the statute of limitations, the Court must determine the date of the essential event that gives rise to the claim.[86] In some jurisdictions, the essential event is often a refusal to pay as agreed to by the parties.[87] Here, the Plaintiffs allege a few essential events indicating that the Defendants breached their agreement. The earliest of these events is September 22, 2015, when the Plaintiffs met with the Defendants, and the Defendants allegedly informed the Plaintiffs that they would no longer be allowed to operate the business unless they agreed upon an increased sale price. Plaintiffs commenced this action on September 5, 2018, almost three years after the earliest essential event, but well within the six-year period allowed by 5 V.I.C. § 31(a)(3)(A). Therefore, Plaintiffs' breach of contract claim is not barred.

### ii. Fraud and Fraudulent Misrepresentation

¶20    Plaintiffs claims for fraud and fraudulent misrepresentation, however, are not viable. In the Virgin Islands, fraud and fraudulent misrepresentation are considered torts subject to a two-year statute of limitations.[88] These claims shall be deemed to commence only upon the discovery of the fraud or mistake per 5 V.I.C. § 32. Here, the Plaintiffs allege that the Defendants committed fraud and fraudulent misrepresentation when they misrepresented the fact that they would sell Options to Plaintiffs and relinquish control of the business for a price

---

[82] *See Ross v. Hodge*, 58 V.I. 292, 308 (V.I. 2013); *see also* RESTATEMENT (SECOND) OF TORTS § 222A(1) (1965).

[83] *See Ross*, 58 V.I. at 308-309.

[84] *See Chaput v. Scafidi*, 66 V.I. 160, 196 (V.I. Super. Ct. 2017) (quoting *Farmers Ins. Exchange v. Zerin*, 61 Cal. Rptr. 2d 707, 709 (Ct. App. 2017)).

[85] *See* 5 V.I.C. § 31(a)(3)(A); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 231 (V.I. 2013); *see also Puerto Rico*, 49 V.I. 16, 21 (V.I. Super. Ct. 2007).

[86] *See Hess Oil Virgin Islands Corp. v. Fluor Daniel*, 72 V.I. 676, 713 (V.I. Super. Ct. 2020); *see also Burton v. First Bank of Puerto Rico*, 49 V.I. 16, 21 (V.I. Super. Ct. 2007).

[87] *See Fluor Daniel*, 72 V.I. at 713.

[88] *See* 5 V.I.C. § 31(a)(5)(A); *see also Martin v. Martin*, 54 V.I. 379, 390 (V.I. 2010); *see also Gerald v. R.J. Reynolds Tobacco Co.*, 68 V.I. 3, 140 (V.I. Super. Ct. 2017); *see generally Merchants Commercial Bank v. Oceanside Village, Inc.*, 64 V.I. 3, 16-22 (V.I. Super. Ct. 2015).

**2022 VI Super 1U**

of $150,000 in order to obtain money from the Plaintiffs.[89] This allegedly occurred in December of 2014 when the Defendants approached the Plaintiffs with an offer to sell their business.[90] The Plaintiffs filed claims for fraud and fraudulent on September 5, 2018, almost four years after the date of the alleged conduct that gave rise to the claim. Since this date falls outside of the two-year period allowed to commence a tort action, Plaintiffs claims for fraud and fraudulent misrepresentation are barred by the statute of limitations.

### iii. Conversion

¶21    Plaintiffs' claim for conversion remains viable. The statute of limitations to commence an action for conversion in the Virgin Islands is six years.[91] To decide if a conversion claim is barred by the statute of limitations, the Court determines the date that the plaintiff knew or should have known of the defendant's alleged conduct that gives rise to the claim.[92] As discussed above, the Plaintiffs alleged that the conversion took place in February or March of 2017 when the Defendants refused to either complete the sale of the business or return the money Plaintiffs had already paid. They allege that they were entitled to their money at this time, but the Defendants barred their access to their property. Having filed their conversion claim on September 5, 2018, the date of the alleged conversion is within the six-year limitation to commence an action for such a claim and therefore is not barred.

### 3. Plaintiffs properly effectuated service upon Defendants.

¶22    Rule 4 of the Virgin Island Rules of Civil Procedure provides specific requirements for the form of a summons and service of process that must be met in order for the Court to obtain personal jurisdiction over a defendant.[93] Defendants contesting process or service of process must raise these defenses in their first responsive pleading or else the defense is waived, and the Court will obtain personal jurisdiction over a defendant.[94] When such a motion is raised, the burden shifts to the plaintiff to prove service was properly effectuated.[95] Generally, if service was ineffective, courts should allow a plaintiff an opportunity to cure service, provided that such efforts would not be futile.[96] In this case, the Defendants properly raised the defenses of insufficient process and insufficient service of process in their first responsive pleading, so the defense has not been waived. By asserting these defenses, the burden has shifted to the Plaintiffs to prove that the form of the summons was proper, and that service was properly effectuated.

¶23    The Court finds that Plaintiffs have satisfied their burden of proving service was properly effectuated on the Defendants. This Court determined that Defendants Hein and Options had legal and actual notice of the action when the Honorable Judge Dunston ordered service by publication upon Defendant Quang only because Defendants Hein and Options filed

---

[89] Pl.'s First Am. Compl. ¶ 41.

[90] Pl.'s First Am. Compl. ¶ 5.

[91] *See* 5 V.I.C. § 31(a)(3)(D).

[92] *See United Corp. v. Hamed*, No. ST-13-CV-101, 2014 V.I. LEXIS 132, at *11 (V.I. Super. Ct. Sept. 2, 2014).

[93] *Victor v. Hess Oil Virgin Islands Corp.*, 69 V.I. 484, 493 (V.I. Super. Ct. 2018) (citing *Ross v. Hodge*, 58 V.I. 292, 311 n.22 (V.I. 2013)) (quoting *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566, 580 n.4 (V.I. 2012)).

[94] *Id.*

[95] *See Victor*, 69 V.I. at 493.

[96] *Daley-Jeffers v. Graham*, 69 V.I. 931, 941 (V.I. 2018).

**2022 VI Super 1U**

a Motion to Dismiss.[97] The Court at that time accepted that the affidavits of Process Server Kerry Rhymer and Plaintiffs' Attorney Robert King established service upon Defendants Hein and Options, so the Plaintiffs correctly asserted in their Opposition to Defendants' Motion to Dismiss that they did not need to further prove service.[98] The Court then allowed Plaintiffs to serve Defendant Quang by publication. Plaintiffs subsequently satisfied the requirements of Rule 4 to properly effectuate service upon the Defendant Quang by publication. The Plaintiffs distributed a notice of the action in the Virgin Islands Source on a continuous daily basis for four weeks, as prescribed by Rule 4 and the Court. Because this Court previously determined that service was proper on Defendants Hein and Options, and Defendant Quang was properly served by publication, the Defendants' motions will not be dismissed based on insufficient service of process. Additionally, the Court finds no issue with the form of the summons as to warrant a dismissal under Rule 4(b)(4) for insufficient process.

## IV. CONCLUSION

¶24    To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint need only provide a short, plain statement of the claims that includes a factual and legal basis for the allegations and shows that the pleader is entitled to relief.[99] However, even if a complaint sufficiently states a claim, it can still be dismissed for other procedural defects, such as failure to commence the action within the time period allowed by the statute of limitations. Additionally, a complaint can be dismissed for insufficient process or insufficient service of process because service of process is a prerequisite to the Court gaining personal jurisdiction over a defendant.[100] In the interests of justice, courts generally allow a plaintiff to cure defective service as long as such efforts would not be futile.[101]

¶25    In this case, Plaintiffs sufficiently stated claims for breach of contract, fraud and fraudulent misrepresentation, and conversion, so their claims will not be dismissed under V.I. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs also satisfied their burden of proving that service was properly effectuated on all Defendants, and the Court finds no issue with the form of the summons, so their claims will not be dismissed on the grounds of insufficient process or insufficient service of process.

¶26    However, some of Plaintiffs' claims must be dismissed because they were filed outside of the statute of limitations. Plaintiffs' claims of fraud and fraudulent misrepresentation were filed outside of the two-year statute of limitations and are thus no longer viable. Plaintiffs' claims of breach and contract and conversion are subject to a six-year statute of limitations, and since Plaintiffs commenced the action within six years of the events giving rise to the claims, the claims remain viable.

¶27    Accordingly, it is hereby

---

[97] Nov. 29, 2018 Order (in reviewing the record the Court finds that Plaintiffs demonstrated due diligence in their attempts to personally serve the defendants).

[98] Pl.'s Opp'n to Defs.' Mot. Dismiss 1-2; *see also Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 730 (V.I. 2018) (finding that an affidavit is competent evidence to establish service).

[99] *See* V.I. R. Civ. P. 8(a); *see also Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *5 (V.I. Super. Ct. 2020).

[100] *Victor*, 69 V.I. at 493.

[101] *Graham*, 69 V.I. at 941.

**2022 VI Super 1U**

**ORDERED** that the Defendant's Motion to Dismiss is **GRANTED in part** regarding Plaintiffs' claims of fraud and fraudulent misrepresentation and **DENIED in part** regarding Plaintiffs' claims of breach of contract and conversion; and it is further

**ORDERED** that Counts I and III of the first amended Complaint remain viable and Count II is hereby DISMISSED WITH **PREJUDICE**; and it is further

**ORDERED** that a copy of this order shall be directed to counsel and parties of record.

Dated: January 4, 2022

**HONORABLE SIGRID M. TEJO**
Judge of the Superior Court
of the U.S. Virgin Islands

ATTEST: TAMARA CHARLES
Clerk of the Court

By
Donna D. Donovan
Court Clerk Supervisor  1 / 5 , 2022